STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JOHN CALVIN JONES, DEFENDANT-APPELLANT.

Submitted January 29, 1975—Decided February 18, 1975.

*Mr. James I. Peck, IV,* Assistant Deputy Public Defender, for the appellant (*Mr. Stanley Van Ness,* Public Defender, attorney).

*Mr. Harry Robinson, III,* Assistant Prosecutor, for the respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

PER CURIAM. We granted certification in this case, 67 *N. J.* 86 (1975), solely to review the issue, raised by defendant, as to whether he had received all to which he was entitled as a result of a plea bargain. We have now examined the record and find merit in defendant's contention.

He had been .indicted on multiple counts. In accordance with the agreement made with the Assistant Prosecutor, defendant pled guilty to a count charging robbery as well as to an accusation charging escape. At the time the terms of the plea bargain were presented to the Court, the Assistant Prosecutor said,

> As a result of the plea bargain, your honor, the defendant is going to enter a plea of guilty to the accusation and the State will recommend that any sentence imposed as a result of the accusation be concurrent to that which might be imposed on the robbery sentence.

Although the terms of the bargain were repeated shortly thereafter, as well as at the time of sentencing, this particular condition was each time omitted and never again mentioned. The failure was almost certainly an oversight but it is nonetheless true that the State did not make the promised recommendation. Defendant actually received, as to the robbery charge, an indeterminate term to Yardville Youth Reception and Correction Center, with a maximum of seven years; as to the escape charge, he received a consecutive indeterminate term.

We continue to adhere to the view hitherto expressed that the terms and conditions of a plea bargain must be

meticulously carried out. *Santobello v. New York,* 404 *U. S.* 257, 92 *S. Ct.* 495, 30 *L. Ed.* 2d 427 (1971); *State v. Thomas,* 61 *N. J.* 314, 322 (1972).

Defendant's total sentence must be reviewed by the trial judge in order to determine whether, had the promised recommendation been made, he would have acceded to that proposal and made the indeterminate sentence imposed for the crime of escape concurrent with the sentence imposed upon the robbery count.

The case is remanded to the trial court for further proceedings consistent with what has been said above. In all other respects the judgment of the Appellate Division is affirmed.

*For affirmance in part and remandment*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge KOLOVSKY—7.

*For reversal*—None.