140 N.J. Super. 422 (1976)
356 A.2d 430
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES BROCKINGTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 1, 1976.
Decided March 16, 1976.
*424 Before Judges CARTON, CRAHAY and HANDLER.
Messrs. Brown, Vogelman & Ashley, attorneys for appellant (Mr. Raymond M. Brown and Mr. Thomas R. Ashley on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Steven Isaacson, Assistant Prosecutor, of counsel).
PER CURIAM.
In a four-count indictment defendant was charged with (1) conspiracy to violate the narcotic laws  N.J.S.A. 24:21-24; (2) distribution of cocaine  N.J.S.A. 24:21-19(a) (1); (3) possession of cocaine  N.J.S.A. 24:21-20, and (4) possession of cocaine with the intent to distribute it  N.J.S.A. 24:21-19(a). Pursuant to a bargained plea defendant pled guilty to the offense of distributing cocaine. The remaining counts were dismissed and defendant was sentenced to an 18 to 20-year term at New Jersey State Prison.
Defendant, 43 years of age, suffered an extensive criminal record. The transaction here involved the sale of 70 plus grams of cocaine to a police undercover agent for $1,850.
The sentence imposed was illegal, the maximum statutory penalty for the offense being 12 years. At the sentencing hearing the prosecution stated it was urging that the maximum sentence be imposed. At the retraxit hearing the trial court had stated to defendant that the maximum sentence was 12 years.
*425 Defendant thereafter moved to have the sentence reduced. The trial judge (one other than the original sentencing judge who had been transferred to another county) advised defense counsel that he would permit defendant to withdraw his plea of guilty and stand trial on the indictment. Defendant persisted in the claim that he was entitled to be sentenced to a prison term with a maximum of 12 years. It was stated that the original sentencing judge did not indicate whether defendant was being sentenced as an habitual offender. The trial judge stated that it was not bound by any plea bargaining agreement and that in such a posture defendant had the opportunity to withdraw the plea and stand trial.
The judge concluded that if the original sentencing judge intended to punish defendant in excess of the statutory maximum, as a multiple offender, he did not accord defendant the due process safeguards called for by State v. Booker, 88 N.J. Super. 510 (App. Div. 1965), i.e., notice of, and opportunity to be heard on prior offenses before suffering enhanced penalty. The original sentence was set aside as illegal. Defendant chose not to withdraw his guilty plea and was later served with an accusation charging him under N.J.S.A. 24:21-29 with two prior convictions:
1. In 1962, in the United States District Court for the District of New Jersey, for violation of 26 U.S.C.A. § 4744(a), the unlawful possession of marijuana without payment of the required federal transfer tax for which he received a four year federal prison term;
and
2. In 1959, in the Essex County Court, for violation of N.J.S.A. 24:18-4, the unlawful possession of cocaine for which he was sentenced to a term of two to three years.
Defendant personally waived his right to a jury trial on the accusation and was found guilty of being an habitual offender thereby exposing him to a 24-year maximum prison term.
*426 A sentence of 18 to 20 years in State Prison was ordered. On this appeal defendant does not challenge his conviction as a subsequent offender but asserts solely that the original plea bargain entered into by defendant and the prosecutor should be specifically enforced under the terms originally agreed upon.
Our review of defendant's arguments against the record satisfies us that there was no illegality in the procedure employed nor basic unfairness to defendant warranting reversal and we affirm.
First, for the purposes of our disposition we assume  the record is not absolutely clear on the point  that there was in fact an agreement that in exchange for defendant's guilty plea the prosecution would move to dismiss the balance of the indictment and specifically recommend a maximum sentence of 12 years. We will further assume that defendant, the prosecution and the trial judge at the time of the retraxit hearing did not contemplate employment of the Habitual Offender Act, N.J.S.A. 24:21-29. Thus, for the purposes of squarely addressing the issue, we view that defendant at the close of the retraxit hearing, contemplated that the State had unequivocally agreed that his maximum sentence would be limited to not more than 12 years. Must such an agreement be specifically enforced? We are satisfied not only that it need not be but that on this record such a step might have been contra indicated.
Defendant essentially seems to argue that upon the acceptance of his plea at the retraxit hearing he then enjoyed an unalterable vested right to a sentence not exceeding 12 years, the statutory maximum, and that being so, there could not have been any further consideration of possible subsequent offender treatment. We know of no decisional mandate to this end nor do we perceive any reasonable basis, on this record, for adopting it. Defendant suffered no fundamental unfairness. The public interest was also to be served.
*427 Plea bargaining in criminal matters is a significant tool in the administration of justice and has been encouraged. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The terms of plea agreements must be meticulously adhered to, and a defendant's reasonable expectations generated by plea negotiations should be accorded deference. State v. Jones, 66 N.J. 524 (1975); State v. Thomas, 61 N.J. 314 (1972), and State v. Poli, 112 N.J. Super. 374 (App. Div. 1970). It does not follow from these principles that a defendant may insist that he has a right to a stated term of years imprisonment, on the ground that a judge at a retraxit or plea hearing indicated that such a term represented defendant's total penal exposure.
Defendant cites Santobello, supra, to us, but that authority does not support his claim. Here, there was no breach of any agreement by the State. The Habitual Offender action leading to the sentence here challenged was initiated by the court. Unlike Santobello, the prosecutor in this matter did not promise not to make any recommendation as to the quantum of sentence and thereafter breach such a promise.
The highest authority instructs that there is no absolute right to have a plea accepted, and sound discretion may lead to the rejection of such a plea. Santobello, supra 404 U.S. at 262, 92 S.Ct. 495. State v. Thomas, supra 61 N.J. at 321. R. 3:9-3(d).
It is the sentencing judge, exercising sound discretion, who in each case must decide in which way the public interest will best be served. State v. Tyson, 43 N.J. 411 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965); State v. Ivan, 33 N.J. 197, 201 (1960).
One reason for permitting wide discretion in the sentencing judge is that at the time a plea is entered the judge ordinarily has before him only the offense. A fuller picture of the offender does not emerge until sentencing, when the judge has had the benefit of a defendant's presentence report. R. 3:21-2; State v. Culver, 40 N.J. Super. 427 (App. *428 Div. 1956), mod. 23 N.J. 495 (1957), cert. den. 354 U.S. 925, 77 S.Ct. 1387, 1 L.Ed.2d 1441 (1957).
We are satisfied that if the court be bound to a plea agreement, regardless of what a defendant's presentence report reflects, there would exist a real potential that the public interest would be disserved.
We do not know what impelled the original sentencing judge to order a term of incarceration in excess of the statutory maximum. It might very will be that the action was taken, after reviewing defendant's presentence report, with the mistaken notion that, without more, the Habitual Offender's Act was employable.
We iterate that defendant suffered no prejudice in the procedure followed. He had no vested interest in the plea agreement not yet approved by a court. He had the opportunity to withdraw the plea and stand trial. He chose not to do so knowing that his penal exposure would be doubled if adjudged guilty as a subsequent offender. N.J.S.A. 24:21-29. The trial judge acted with full warrant based upon its review of defendant's presentence report. That document is a sorry one. Defendant's adult court history, in addition to the two prior narcotics convictions, dates back to 1949. There are many other arrests, convictions and imprisonments for offenses other than narcotics violations. We cannot say that the trial judge mistakenly used discretion in not accepting the plea agreement as offered by defendant and ordering a habitual offender prosecution. On this record the stringent sentence ultimately imposed was not, in our view, unduly punitive.
Affirmed.