THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
WILLIAM THOMAS LIGHTNER, JR.,
DEFENDANT-RESPONDENT.

Argued March 18, 1985—Decided May 13, 1985.

*Mildred Vallerini-Spiller*, Deputy Attorney General, argued the cause for appellant (*Irwin I. Kimmelman*, Attorney General of New Jersey, attorney; *Alan A. Sant'Angelo*, Deputy Attorney General, of counsel and on the brief).

*Andrew N. Dillmann*, Assistant Deputy Public Defender, argued the cause for respondent (*Joseph H. Rodriguez*, Public Defender, attorney).

PER CURIAM.

A Mercer County Grand Jury indicted defendant on seven counts of sex-related offenses involving two of his daughters that occurred between November 17, 1974 and March 11, 1981. As part of a plea bargain, he pled guilty to Count One, which charged incest with the older daughter between November 17, 1974 and August 31, 1979, contrary to *N.J.S.A.* 2A:114–2. He

also pled guilty to Count Three, which charged acts of sexual assault upon the same daughter between September 1, 1979, the effective date of the New Jersey Code of Criminal Justice, and March 11, 1981.

The offense charged in Count Three was a violation of *N.J.S.A.* 2C:14–2c(1), which was incorrectly recorded in the judgment of conviction and order for commitment as a violation of *N.J.S.A.* 2C:14–2a(1). *N.J.S.A.* 2C:14–2c(1) prohibits sexual penetration if "[t]he actor uses physical force or coercion, but the victim does not sustain severe personal injury." In exchange for defendant's guilty plea to Counts One and Three, the State moved to dismiss the remaining counts of the indictment.

The trial court granted the State's motion after first determining that the guilty pleas to Counts One and Three were entered voluntarily and that they rested upon an adequate factual basis. Subsequently, the court sentenced defendant to a term of two-to-five years imprisonment on Count One and to a ten-year consecutive term of imprisonment on Count Three.

From the sentencing hearing and from the hearing on defendant's subsequent unsuccessful motion to withdraw his guilty plea, it is clear that the trial court confused *N.J.S.A.* 2C:14–2c(1), which requires proof of force or coercion, with *N.J.S.A.* 2C:14–2a(2), which does not require such proof when the victim is between the ages of thirteen and sixteen years. *N.J.S.A.* 2C:14–2a(2), however, was inapplicable because as of September 1, 1979, the defendant's daughter was nineteen years old. Because of the unfortunate misunderstanding, the trial court did not determine the existence of force or coercion, the necessary predicate to support the conviction on Count Three.

On defendant's appeal, the Appellate Division vacated the conviction on Count Three, writing in an unpublished opinion:

> After a careful study of the record, we are unable to find any admission by defendant that the acts charged in Count Three occurred by means of physical force or coercion. On the contrary, defendant repeatedly asserted at the plea and sentencing hearings that 'it wasn't no assault,' to which the court inaccu-

rately responded with the acquiescence of defense counsel, 'It's sexual assault because of the age of the child.'

In light of the fact that the victim was over eighteen years old and the defendant did not admit to use of physical force or coercion, the trial court failed to establish a factual basis for the plea. The record clearly reveals that defendant did not have an understanding of the nature of that charge and did not give a proper factual basis. *R.* 3:9–2, *State v. Rhein,* 117 *N.J.Super.* 112 (App.Div.1971). Under these circumstances, acceptance of defendant's guilty plea to Count Three constituted manifest injustice, and defendant's post-sentencing motion to withdraw his guilty plea on that count was improperly denied. *R.* 3:21–1. See *State v. Leckis,* 79 *N.J.Super.* 479 (App.Div.1963). The conviction on Count Three is vacated.

The Appellate Division affirmed the conviction on Count One and also affirmed the dismissal of all remaining counts, except Count Three. As to that count, the Appellate Division vacated the conviction and remanded the matter to the trial court for disposition.

Defendant began serving his prison term in August 1982 and has completed his sentence on the incest conviction. Nonetheless, he remains incarcerated because of an inability to make bail on the pending charge of sexual assault.

We granted the State's petition for certification, 99 *N.J.* 155 (1984), to review its argument that its reasonable expectations under the plea bargain were defeated by the Appellate Division when it vacated defendant's conviction on Count Three for sexual assault and when it remanded the matter to the trial court with the direction that the charges other than those in Count Three could not be reinstated. We denied defendant's cross-petition, 99 *N.J.* 219 (1984), challenging the sentence as excessive.

Under the singular facts of this case, we find that the defendant need not forfeit the benefit of his plea agreement for the dismissal of Counts Two, Four, Five, Six, and Seven. He kept his part of the bargain by pleading guilty to the charges of incest and sexual assault and by serving his prison sentence on the incest conviction. Having failed to assure an adequate factual basis for the conviction of sexual assault, the State can hardly be heard to complain now that the dismissal of other

counts, to which it previously consented, defeated its reasonable expectations. Fundamental fairness requires, therefore, that the defendant be placed in no worse position than he was at the time of the plea bargain. *State v. Thomas*, 61 *N.J.* 314, 322 (1971). Under the facts of this case, it would be impossible to restore the defendant to the status he held at the time the plea bargain was approved. In remanding the matter to the trial court for disposition of Count Three, the Appellate Division reached the proper result.

The judgment of the Appellate Division is affirmed.

*For affirmance* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN and GARIBALDI—6.

*For reversal* —None.