STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. KIRK WARREN, DEFENDANT-APPELLANT.

Argued October 11, 1988—Decided June 14, 1989.

434

*Susan J. Abraham,* Assistant Deputy Public Defender, argued the cause for appellant (*Alfred A. Slocum,* Public Defender, attorney).

*Richard H. Morton,* Deputy Attorney General, argued the cause for respondent (*Cary Edwards,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

HANDLER, J.

The defendant, Kirk Warren, seeks to set aside a guilty plea to criminal charges that were the basis for the imposition of custodial sentences. These sentences conformed to the terms recommended by the county prosecutor at the time the plea agreement was made and entered by the sentencing court. The defendant claims that the plea arrangement, as viewed by the trial court, entitled the prosecutor to withdraw from the plea bargain and compel defendant to go to trial if the sentence imposed by the court did not conform to the prosecutor's recommended sentence. This, according to the defendant, constituted an improper limitation on the trial court's sentencing discretion. The appeal thus presents the issue of the validity of a plea agreement that includes as a material term the right of the prosecutor to withdraw from the plea and insist on a trial if the sentence imposed by the court is more lenient than that negotiated by the parties or recommended by the prosecutor.

## I.

A state grand jury returned an indictment that charged the defendant Kirk Warren and six co-defendants with conspiracy to commit theft by deception in the second degree, contrary to the provisions of *N.J.S.A.* 2C:5-2 and *N.J.S.A.* 2C:20-4, and with multiple counts of theft by deception in the third degree, contrary to the provisions of *N.J.S.A.* 2C:20-4 and *N.J.S.A.* 2C:2-6. Defendant entered a *retraxit* plea of guilty to the conspiracy charge. The defendant also waived his right to have an additional charge presented to a grand jury, and entered an original guilty plea to an accusation charging one count of conspiracy to commit theft by deception in the second degree. In exchange for the guilty pleas, the State agreed not to prosecute the defendant on any pending investigations and to recommend to the sentencing court a sentence of nine years with a four-and-one-half-year minimum parole ineligibility peri-

od. The State also recommended that the sentences on each charge run concurrently.

The facts supporting the indictment and guilty pleas, according to the record, show that defendant was engaged in two conspiracies. The first took place between the approximate dates of January 1, 1983 and June 30, 1984, and involved defendant and his co-defendants using a dormant corporation to create the impression that they had been successfully doing business in the marketing of a particular food product for a number of years. To accomplish this purpose, they used fictitious references and falsely represented that they had been exclusively selected to market this new line of food products. The record with respect to the second conspiracy indicates that between September 1, 1981 and July 31, 1984, defendant and co-defendants placed advertisements in newspapers throughout the country in an effort to sell distributorships to another dormant corporation, and also used fictitious references. Under both conspiracies, defendant and co-defendants secured money deposits that were diverted to their own uses.

The trial court sentenced defendant to two concurrent nine-year terms and a four-and-one-half-year period of parole ineligibility. The aggregate term conformed to the sentence that was recommended as part of the plea bargain. The defendant filed an appeal with the Appellate Division challenging only the excessiveness of the sentence. Following oral argument without briefs, during which only a slight reference was made with respect to the validity of the underlying plea, the Appellate Division issued an order affirming the sentence imposed below. This Court granted defendant's petition for certification, 109 *N.J.* 500 (1987), in which defendant seeks to vacate his sentence by having the plea invalidated.

## II.

The initial inquiry in this case is factual: whether the plea bargain encompassed an agreement that would enable the

prosecutor to withdraw from the guilty plea if the court imposed a sentence more lenient than that to which the parties agreed, and whether such an understanding was shared by the trial court when it accepted the plea and later sentenced the defendant. If the record demonstrates that there was such a plea arrangement, the ultimate issue is whether a plea encompassing such an understanding is valid.

The practice of plea bargaining that enables a prosecutor to withdraw from the guilty plea if the sentence imposed is more lenient than that recommended by the prosecutor and contemplated by the plea agreement is referred to as a "negotiated sentence." A negotiated sentence is one that the parties, the State and the defendant, understand must be imposed by the sentencing court in order to fulfill the plea bargain and, if it is not, the party whose sentencing expectations have been disappointed, either the State or the defendant, would have the right to withdraw from the plea arrangement and insist on a trial. Such a negotiated sentence would constitute a material term of the plea bargain.

A defendant, however, has always enjoyed the right to withdraw from a guilty plea if an ensuing sentence is more severe than that recommended by the prosecutor. *See R.* 3:9–3(e). The critical aspect of the negotiated-sentence practice is that it gives the prosecutor a reciprocal right to rescind the plea bargain if the sentence imposed is more lenient than that negotiated. The sentencing court in this case thus characterized the practice as follows:

> that if the Court intends to sentence [the defendant] to [a] less[er] [sentence] than the negotiated plea agreement it must give the State the opportunity to withdraw from the agreement because it can't require the State to then dismiss counts that it was committed to dismiss in return for the acceptance of the sentence that is less than the negotiated sentence.

There are strong indications that the guilty plea and resultant sentence in this case were influenced by the negotiated-sentence practice. When the plea was taken, it was explained that the defendant would be exposed to sentences that in the aggre-

gate would not exceed nine years with a four-and-one-half-year period of parole ineligibility. At defendant's sentencing, the trial court made several references to the terms of the plea arrangement. The court acknowledged that it was limited in having to sentence the defendant to a concurrent sentence, which had been agreed to or "negotiated" by the parties.[1] The court also observed that without the plea agreement, it would have sentenced defendant to consecutive terms, but because of the plea agreement, it felt constrained to impose a concurrent sentence.[2]

These expressions on the part of the sentencing court are also consistent with the State's argument presented at the defendant's motion for reconsideration of his sentence, namely, that the negotiated sentence was part of the plea agreement and it was so understood by the court when it imposed sentence.[3] The court reinforced this understanding of the plea agreement when it explained its view of the negotiated-sentence practice and its impact on the sentence imposed. It acknowledged that while the court "always has the discretion to impose ... a proper sentence ... if the court intends to sentence to

---

[1]When it imposed sentence, the court stated: "[t]herefore, on Count 1 of Indictment [SGJ-] 162–85–1, I sentence you *in accordance with the agreement* to a term of 9 years in New Jersey State Prison ... with the further stipulation that you serve that first four and a half years without parole." (emphasis added).

[2]The court stated, "[q]uite frankly, without a plea agreement I probably would have sentenced you on both, I probably would have sentenced you to consecutive terms because there were two separate transactions and two separate people involved."

[3]The State argued at the motion for reconsideration that

[w]hen the plea was agreed to the term of years; [sic] that is nine years with four and a half parole disqualifier, as specifically agreed to between the State and the defendant; that was what was promised to the Court. *It was not left to the discretion of the Court after reviewing the presentence and considering all the factors. Your Honor, did sentence in accordance with that specific agreement.* (emphasis added).

less than the negotiated plea agreement it must give the State the opportunity to withdraw from the agreement ..." [4]

Based in part on on these expressions, the defendant challenges the sentence on appeal on the ground that the sentencing court determined the sentence within the framework of the negotiated-sentence practice and thereby improperly exercised its sentencing discretion. In response, the State now argues that the sentencing court did not actually apply the negotiated-sentence rule in imposing sentence. According to the State, the court did not believe the prosecutor "gave up anything of benefit to defendant in the plea bargain," which it asserts is essential in order to effectuate a plea based on a negotiated sentence; therefore, the State concludes, the court could have disregarded the recommended or negotiated sentence without any risk that the State would withdraw from the guilty plea. The difficulty with this argument, however, is that it does not appear that the sentencing court actually accepted the guilty plea or imposed sentence under the belief, mistaken or not, that

---

[4]The trial court also stated:

> [t]he court obviously always has the discretion to impose what it believes is a proper sentence. However, if the Prosecutor commits to dismiss counts or indictment charges and agrees not to prosecute pending investigation as part of the negotiated plea, which calls for a specific sentence to be imposed, then the trial judge doesn't look at it as a contract * * *. What he does is—the feeling is perhaps he has to turn to the State and say, look, the negotiated plea that was entered into, I think it was excessive and I won't impose it. I am, therefore, giving you the opportunity and option now to withdraw from the agreement because in good conscious [sic] I can't say to the State after I impose a sentence less than what it calls for, I then turn to the State and say now perform your end of the agreement * * *. (emphasis added).

The court further explained:

> What I'm really saying that the theory with respect to that is, that if the Court intends to sentence to less than the negotiated plea agreement it must give the State the opportunity to withdraw from the agreement because it can't require the State to then dismiss counts that it was committed to dismiss in return for the acceptance of the sentence that is less than the negotiated sentence. That's all the "South Jersey" theory is. (emphasis added).

the State had not given up anything that would benefit the defendant, entitling the State to repudiate the guilty plea later. Thus, the record does not support the State's contention that, the court actually believed the prosecutor had no right to repudiate the guilty plea or that the court would not have allowed the State to withdraw from the guilty plea if the sentence imposed were less severe than that recommended.

Further, at the motion for reconsideration, the court discussed the rule ostensibly only to complete the record in responding to the State's contention that defendant's sentence should not be modified.[5] However, we disagree with the State's characterization of the trial court's explanation as merely a pedagogical exercise. Not only did the trial court express the belief that under the negotiated-sentence practice it was required to sentence defendant to a concurrent term to prevent the prosecutor from repudiating the guilty plea, but also the trial court stated several times that it was explaining the negotiated-sentence practice, which it referred to as the "South Jersey" rule, because it wanted to create a record for the Appellate Division. "I always tell the Appellate [Division] exactly what I think, building a record, *just to justify what I did, exactly what I thought in this case.*" (emphasis added). We have no reason not to take the trial court at its own word.

We cannot in the face of this record conclude that at the time of sentencing the court did not believe that the plea agreement encompassed the negotiated-sentence practice and that any

---

[5]The State notes the following passage from the court's remarks at that hearing as support for its claim that the court did not apply the negotiated-sentence practice:

but in my view that doesn't trigger the right of the State to withdraw. If I want to sentence less than the negotiated pleas [sic] those counts, as a matter of law, as far as I'm concerned when the plea was on the conspiracy that didn't trigger an [agreement], I had to accept the agreement, or permit the State to withdraw. I didn't look at it that way, and presumably the same would hold true with respect to the accusation. (emphasis added).

sentence imposed would be subject to that arrangement. It strongly appears that the court understood that the plea and consequent sentence were undertaken within the framework of a negotiated-sentence practice.

## III.

■ Is it permissible for a sentencing court to accept a plea bargain that includes as a material term a negotiated sentence that enables the State to withdraw from the guilty plea and requires the defendant to go to trial if a sentence consistent with the negotiated sentence is not imposed?

We turn initially to the standards prescribed by our own Rules of practice, which govern this appeal.[6] *Rule* 3:9-2 states:

A defendant may plead only guilty or not guilty to an offense. The court, in its discretion, may refuse to accept a plea of guilty and shall not accept such plea without first addressing the defendant personally and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as the result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.

The Rules also require that the judge take no part in plea negotiations (*R.* 3:9-3(a)) and that the agreement "as to the sentence which the prosecutor will recommend ... shall be placed on the record in open court at the time the plea is entered." *R.* 3:9-3(b). Concerning the withdrawal of the plea, the Rules' only requirement is that "[i]f at the time of sentencing the judge determines that the interest of justice would not be served by effectuating the agreement reached by the prosecutor and defense counsel, the defendant shall be permitted to withdraw his plea." *R.* 3:9-3(e).

Several things are clear under the applicable Rules. One is that the judge can take "no part" in any of the discussions or negotiations between the prosecutor and the defendant with

---

[6]By order dated May 23, 1989, the Supreme Court adopted amendments to *Rule* 3:9-3, to be effective June 15, 1989. 123 N.J.L.J. 1350 (1989). These amendments do not govern the issues on this appeal.

respect to a plea bargain.[7]  Another is that parties can agree only on a sentence that the prosecutor will "recommend" to the court; they are not empowered to negotiate a sentence that can have any binding effect.  Finally, the Rules plainly and unmistakably authorize only the defendant to withdraw from a guilty plea; the State is not expressly authorized to withdraw from a guilty plea if the defendant receives a term that is more lenient than that recommended by the prosecutor and agreed to by the defendant.

The State argues, however, that while the Rules expressly authorize only the defendant to withdraw from a guilty plea if disappointed in the sentence imposed, similar authority may be implied to allow a prosecutor to reject the plea arrangement if the State's sentencing expectations have not been met.  We are satisfied that there should be no implied authority to accept a guilty plea subject to the prosecutor's right to withdraw if the sentence imposed does not conform to the negotiated sentence. The implication of such authority is not within the intendment nor would it advance the purposes and goals of our Rules governing guilty pleas; further, it would not be consistent with our current policies concerning plea bargaining and judicial sentencing  discretion.

For some time, the courts have accepted plea bargaining as a legitimate and respectable adjunct of the administration of the criminal laws.  *State v. Thomas,* 61 *N.J.* 314, 321 (1972); *State v. Brockington,* 140 *N.J.Super.* 422, 427 (App.Div.1976).  The touchstone of any guilty plea is that it is voluntarily made by the defendant with an understanding of the nature of the charge as well as the consequences of the plea, and that there is a factual basis to support the plea of guilty for the crime or

---

[7]*Rule* 3:9–3(c), as amended, enables judges, upon a request by both parties, to indicate tentatively what the maximum sentence will be, absent additional countervailing information disclosed on or before sentencing, even where no plea agreement on the sentence has been reached.  The amendments do not otherwise authorize the judge to participate in plea negotiations.

crimes. *State v. Deutsch*, 34 *N.J.* 190, 201 (1961). This is codified under our rules. *R.* 3:9–3.

In making a plea agreement, the defendant waives significant constitutional rights; he or she surrenders the right to a trial, including the right to a jury, to counsel, and to present and confront witnesses—these, in return for the reduction or dismissal of certain charges and recommendations concerning the sentence. *State v. Davis*, 175 *N.J.Super.* 130, 140 (App.Div. 1980). The State also surrenders important prosecutorial prerogatives: it foregoes the right to prosecute all of the charges, to justly seek convictions, and to anticipate the imposition of sentence informed by a full record demonstrating guilt. Thus, underlying the success of plea bargaining is the "mutuality of advantage" it affords to both the defendant and the State. *Bordenkircher v. Hayes*, 434 *U.S.* 357, 363, 98 *S.Ct.* 663, 667, 54 *L.Ed.*2d 604, 611 (1978); *State v. Taylor*, 80 *N.J.* 353, 361 (1979). The system enables a defendant to reduce penal exposure and avoid the stress of trial while assuring the State that the wrongdoer will be convicted and punished, and that scarce and vital judicial and prosecutorial resources will be conserved through a speedy resolution of the controversy. *Brady v. United States*, 397 *U.S.* 742, 752, 90 *S.Ct.* 1463, 1471, 25 *L.Ed.*2d 747, 758 (1970).

Notions of fairness apply to each party in the bargaining process. "If plea bargaining is to fulfill its intended purpose, it must be conducted fairly on both sides and the results must not disappoint the reasonable expectations of either." *State v. Thomas, supra*, 61 *N.J.* at 321. However, although notions of fairness apply to each side, the State as well as the defendant, the defendant's constitutional rights and interests weigh more heavily in the scale. It is essentially for this reason that it is only the defendant who, under the Rules, is entitled to withdraw from a guilty plea if his or her sentencing expectations have been defeated by the imposition of a harsher sentence than that contemplated by the plea agreement.

Because the defendant's interests are of constitutional magnitude, the defendant's right to withdraw from a guilty plea if his or her sentencing expectations are disappointed does not create in the State a reciprocal right to repudiate the plea arrangement. This understanding is exemplified in our current practice, which requires the defendant to answer the following question in executing the "Plea Form" pursuant to *Rules* 3:9–2 and –3:

Do you understand that the Judge is not bound by any promises or recommendations of the Prosecutor and that if the Judge decides to impose a more severe sentence than recommended by the Prosecutor, you may take back your plea of guilty and anything said by you in furtherance of this plea of guilty cannot be used against you at trial?

[Administrative Directive # 1—1988, Administrative Office of the Courts, CP0114 (1188) (formerly LR–27).]

There is no indication in this form, which is a crucial document serving to inform the defendant of the consequences of a guilty plea, of a correlative right in the State. There is no suggestion or provision that the State can take back its acceptance of the guilty plea "if the Judge decides to impose a more [lenient] sentence than recommended by the Prosecutor." This omission speaks forcefully to the intended prohibition of such a practice.

Were we otherwise in doubt whether authority in the prosecutor to withdraw from a guilty plea entered pursuant to the negotiated-sentence practice can be implied in our current Rules, such doubts are dispelled by other powerful considerations.

It is axiomatic in plea bargaining that all material terms and relevant consequences be clearly disclosed, fully understood, and knowingly and voluntarily accepted by the defendant. *State v. Taylor, supra,* 80 *N.J.* at 364; *State v. Davis, supra,* 175 *N.J.Super.* at 140. A negotiated sentence would surely be considered a material term of a plea agreement. However, in this case, it does not appear clearly that defendant contemplated the negotiated sentence was a material term of the plea bargain even though the trial court seemingly believed a negotiated-sentence was part of the agreement. As noted, the negoti-

ated sentence is not included in the plea form executed by the defendant. Further, the trial court never expressly advised defendant that the prosecutor could withdraw if the court imposed a more lenient sentence. Rather, the court asked defendant only:

> Do you further understand if at the time I review the Presentence Report I decide I can accept the agreement, obviously that's what I'll do? ... On the other hand, if I feel a stricter or more severe sentence is required, I'll reject the plea agreement. At the time I'll give you the right to take back your guilty plea and go to trial. Do you understand that?

Therefore, although the defendant definitely knew that he could withdraw from the plea arrangement if the sentence were harsher than that recommended, it does not clearly appear that he realized that if the court found the prosecutor's recommendation excessive, the prosecutor could also withdraw. In this case, we cannot rule out the possibility that the failure to inform defendant of the prosecutor's right to set aside the plea agreement could have improperly induced defendant to enter the agreement. *State v. Taylor, supra,* 80 *N.J.* at 365.

Constitutional considerations also present a major constraint against a prosecutorial prerogative to repudiate a plea arrangement based solely or essentially on sentencing factors. In *State v. Spinks,* 66 *N.J.* 568 (1975), this Court held that on grounds of double jeopardy, a prosecutor could not withdraw from a guilty plea if a defendant's sentence imposed pursuant to a plea agreement were modified on appeal. *Cf. State v. Benedetto,* 221 *N.J.Super.* 573, 578–79 (App.Div.1987) (prosecutor could withdraw from guilty plea if the statute under which defendant was sentenced were subsequently interpreted to require retroactive sentencing), *cert. denied,* 111 *N.J.* 559 (1988).

Due process concerns as well inhibit the ability of the prosecutor to withdraw from a guilty plea. These concerns have mostly to do with the voluntary and knowing waiver by the defendant of constitutional rights, which is the basis for entering a guilty plea. *See Santobello v. New York,* 404 *U.S.* 257, 262, 92 *S.Ct.* 495, 499, 30 *L.Ed.*2d 427, 433 (1971) (when state failed to keep its commitment concerning a sentencing recom-

mendation on a guilty plea, the state court could either require specific performance or allow the defendant to withdraw; failure to keep such a promise impugns the voluntariness of defendant's guilty plea since promise is considered inducement for plea); *id.* at 265–66, 92 *S.Ct.* at 500–01, 30 *L.Ed.*2d at 435 (Douglas, J., concurring) (plea bargains require waivers of significant constitutional rights, which, if "unfairly obtained," are no longer "voluntary" and therefore a violation of due process). Due process considerations have persuaded many courts not to allow a prosecutor to withdraw from a guilty plea once the defendant's waiver of constitutional rights is complete and the court has accepted and entered the plea. *See, e.g., Mabry v. Johnson,* 467 *U.S.* 504, 511, 104 *S.Ct.* 2543, 2548, 81 *L.Ed.*2d 437, 445 (1984); *Turk v. State,* 662 *P.*2d 997, 1000 (Alaska Ct.App.1983); *Dominguez v. Meehan,* 140 *Ariz.* 328, 681 *P.*2d 911 (1984); *Allen v. State,* 465 *So.*2d 1088 (Miss.1985); *People v. Boyt,* 109 *Ill.*2d 403, 94 *Ill.Dec.* 438, 444, 488 *N.E.*2d 264, 270 (1986); *Wynn v. State,* 22 *Md.App.* 165, 322 *A.*2d 564 (1974); *People v. Heiler,* 79 *Mich.App.* 714, 262 *N.W.*2d 890, 894 (1978); *State v. Tourtellotte,* 88 *Wash.*2d 579, 564 *P.*2d 799, 801 (1977); *see also People v. Macrander,* 756 *P.*2d 356, 362 (Colo.1988) (prosecutor can, under circumstances suggesting prejudice to defendant, be barred from withdrawing from a guilty plea before it is formally entered); *State ex rel. Rogers v. Steptoe,* 350 *S.E.*2d 7, 9 (W.Va.1986) (same). *But see People v. Farrar,* 52 *N.Y.*2d 302, 437 *N.Y.S.*2d 961, 963, 419 *N.E.*2d 864, 866 (1981) (under a statute permitting the setting aside of guilty plea, "fairness" required prosecutorial withdrawal as a counterpart to the defendant's right to withdraw).

We are also satisfied that the negotiated-sentence practice constitutes an impermissible constraint on the sentencing discretion of trial courts as currently governed and structured by the Code of Criminal Justice and Court Rules. This, in addition, strongly militates against authorizing by implication the negotiated-sentence practice.

The State, however, deprecates the impact of the negotiated-sentence practice on sentencing discretion. It contends that this practice can be followed only under limited circumstances: the defendant and the State must agree intelligently and voluntarily on a specific sentence or minimum exposure; the defendant must be fully aware of the ramifications of the negotiated sentence; the State must "give up something of value to defendant," such as the dismissal of a pending charge or one or more counts of an indictment; and most importantly, the State stresses, the sentencing court must find first that the negotiated sentence is fully supported by the aggravating and mitigating factors surrounding the offense.

These factors, however, are already subsumed under the standards that currently control sentencing discretion based on plea bargains. A court cannot accept a guilty plea unless it is convinced that the defendant has entered into it knowingly and voluntarily and with an understanding of its consequences. *State v. Taylor, supra,* 80 *N.J.* at 353; *R.* 3:9–2. That the State must "give up something of value to defendant" does not add measurably to the standards already governing plea bargains since it is acknowledged that both parties give up substantial litigational advantages. *See State v. Taylor, supra,* 80 *N.J.* at 361–62. Moreover, the sentencing court cannot give undue weight to dismissed charges. *See State v. Marzolf,* 79 *N.J.* 167 (1979). Further, the sentencing court is enjoined to consider the aggravating and mitigating factors and other Code considerations in determining whether to follow a recommended sentence that is proffered as part of a plea bargain. *See State v. Sainz,* 107 *N.J.* 283 (1987). The court in discharging its sentencing responsibilities may not simply accept the terms of a plea agreement. *See State v. Spinks, supra,* 66 *N.J.* 568; *State v. Nemeth,* 214 *N.J.Super.* 324, 327 (App.Div.1986).

The determination of a criminal sentence is always and solely committed to the discretion of the trial court to be exercised within the standards prescribed by the Code of Criminal Justice. *State v. Roth,* 95 *N.J.* 334 (1984). That discretion should not by

implication be encumbered by augmenting the prosecutor's influence on the sentencing determination. Such limitations on prosecutorial influence over sentencing have long been understood and accepted in defining the prosecutorial role in criminal sentencing, and we entertain no doubt that this understanding is reflected in the current Code. In *State v. Taylor*, 49 *N.J.* 440, 455 (1967), this Court observed:

> It should be pointed out here that there is nothing unholy in honest plea bargaining between the prosecutor and defendant and his attorney in criminal cases. At times, it is decidedly in the public interest, for otherwise, on occasion the guilty would probably go free. This does not mean that the prosecutor can commit the sentencing judge to any particular sentence or action, such as downgrading charges against the defendant or suspending sentence or granting probation. *The prosecutor's function in this connection is strictly limited to an agreement to recommend a form of leniency, to which recommendation the court in its discretion after being made aware of the full situation would give due consideration.* (emphasis added).

In addition, courts under the practice applicable to this case cannot become involved in the negotiation of guilty pleas. *See R.* 3:9–3(a) (disallowing judicial participation in plea negotiations); *State v. Thomas, supra,* 61 *N.J.* at 321 (judge must take no part in plea discussions between the prosecutor and defense counsel); *see also* Alschuler, "The Trial Judge's Role in Plea Bargaining, Part I," 76 *Colum.L.Rev.* 1059 (1976) (the "general consensus" is that trial judges should not participate in plea negotiations). Strict limitations on judicial participation in plea negotiations relate to the concern that judicial neutrality and objectivity must be preserved. It may be that a court's involvement in the plea bargaining process can, as a matter of policy in the administration of criminal justice, be increased in the interest of enabling the parties to understand more completely the penal consequences of an anticipated plea. Judicial participation to this end, however, should not impugn judicial neutrality or undermine the integrity of the sentencing determination itself.[8]

---

[8]As earlier noted, see discussion *supra* at 441–442 n. 6, the Rule limiting the judicial role in plea negotiations has been amended. The Rule will now enable

Nevertheless, we cannot overstress the significance of the judicial responsibility in imposing sentence. "[P]ronouncement of judgment of sentence is among the most solemn and serious responsibilities of a trial court. * * * Our new Code reflects a delicate balance between discretion and fixed sentencing. An independent judiciary is its fulcrum." *State v. Roth, supra,* 95 *N.J.* at 365. A court's neutrality can be threatened if a prosecutor can exert pressure to impose the recommended or negotiated sentence by threatening to withdraw if the sentence imposed is more lenient. The balance "between discretion and fixed sentencing" can readily be upset if the prosecutor were allowed to impinge in this way on the court's independent discretion. Moreover, such prosecutorial influence would surely be inimical to the important goals of sentencing uniformity. *State v. Roth, supra,* 95 *N.J.* at 359. Individual prosecutors with distinctive perceptions of the gravity of particular offenses and offenders, and responsive to a very different constituency from that of the judiciary, would add undue variability, inevitable inconsistency, and greater disparity to the sentencing process. Hence, separate prosecutorial discretion cannot be superimposed on the court's sentencing discretion. *State v. Sainz, supra,* 107 *N.J.* at 290–91; *see also* Schulhofer, "Due Process of Sentencing," 128 *U.Penn.L.Rev.* 733, 778 (1980) (if discretion to reject plea bargains is not regulated by sentencing guidelines, broad prosecutorial discretion will be transferred over into judicial discretion, defeating the purposes of sentencing guidelines, which are to promote uniformity).

In sum, we conclude that the negotiated-sentence practice is not authorized under our Rules of practice and is contrary to current policies governing plea bargaining and sentencing.

---

courts, if requested by both parties, to inform them of a tentative sentence at the time of plea negotiations. This does not authorize the court to become involved in the negotiations of the terms of the plea arrangement nor does it authorize the prosecutor subsequently to rescind the plea agreement if disappointed by the sentence that is actually imposed.

## IV.

The critical issue in this case is not whether the court felt itself obligated to follow the prosecutor's recommendation when it imposed sentence or whether that recommendation was a determinative factor in its sentencing decision. Rather, it is whether the prosecutor's recommendation of sentence, as fortified by a conditional right to repudiate the guilty plea, was a relevant factor that was considered—even if not applied—by the trial court in exercising its sentencing discretion. As earlier noted, we cannot on the record conclude with any confidence that such a recommendation, conforming substantially to the negotiated-sentence practice, was not considered as a sentencing factor.

We are, for the reasons indicated, completely satisfied that the negotiated-sentence practice does not conform to current sentencing guidelines. Hence, in this respect, the court did not correctly apply the sentencing standards that are authorized by the Code. *See State v. Roth, supra,* 95 *N.J.* at 356–61. Therefore, we conclude that the sentence must be set aside.

It is also clear that the infirmity of the sentence imposed inheres in the underlying guilty plea. Because that plea was likely to have been predicated on the negotiated-sentence practice, which is unauthorized and improper, it must be vacated.

We therefore order that defendant's guilty plea and consequent sentence be vacated. The matter is remanded for further proceedings consistent with this opinion.

*For reversal, vacation and remandment*— Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN–7.

*Opposed*—None.