242 N.J. Super. 108 (1990)
576 A.2d 36
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DONALD SALENTRE, SR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 31, 1990.
Decided June 27, 1990.
*109 Before Judges KING, SHEBELL and KEEFE.
Wilfredo Caraballo, Public Defender, attorney for appellant (E. James Mullaly III, Designated Counsel, on the brief).
Respondent did not file a brief.
The opinion of the court was delivered by KING, P.J.A.D.
On leave granted, defendant-appellant Donald Salentre, Sr., appeals the Law Division Judge's sua sponte vacation of his guilty plea to third-degree conspiracy, entered pursuant to a negotiated plea agreement. The plea agreement contemplated a five-year maximum term with a two-year parole disqualifier. Defendant-appellant seeks reinstatement of his guilty plea and *110 performance of the plea agreement. The State takes no position on the appeal.
Defendant-appellant and three others were charged with conspiracy, theft, and fencing stolen goods on multiple occasions between April 28, 1982 and April 27, 1987. The indictment charged: Count 1, conspiracy, N.J.S.A. 2C:20-7a, N.J.S.A. 2C:20-7.1, N.J.S.A. 2C:5-2; Count 2, theft by receiving stolen property, N.J.S.A. 2C:20-7, N.J.S.A. 2C:2-6, and Count 3, fencing N.J.S.A. 2C:20-7.1, N.J.S.A. 2C:2-6. The indictment alleged an aggregate theft of movable property valued at over $75,000.
Pursuant to a plea agreement reached between defendant-appellant and the State and accepted by the judge on January 16, 1990, defendant-appellant pled guilty to Count 1, as downgraded. The State agreed that the conspiracy charge would be downgraded from a second- to a third-degree offense, that all other charges would be dropped, and that the recommended sentence be imposed. Another co-defendant also pled guilty at about the same time as defendant.
Ten days later, on January 26, a letter was sent by the Law Division judge to defense counsel and the prosecutor stating that defendant's plea had been accepted only because the judge had had the "impression" that the two other co-defendants would also enter guilty pleas. Because these co-defendants refused to tender guilty pleas, the trial judge sua sponte stated that he would vacate defendant-appellant's guilty plea. He entered an order rejecting the plea agreement on February 23, 1990. We then granted defendant's motion for leave to appeal. R. 2:2-4.
Our court rules regarding pleas are very specific but do allow the judge some discretion regarding whether to refuse or accept a guilty plea. R. 3:9-2. A plea agreement is basically an "all-or-nothing arrangement." State v. Barboza, 115 N.J. 415, 422, 558 A.2d 1303 (1989). The judge must find that defendant's plea is made voluntarily, that there exists a factual basis for the plea, that the defendant has an understanding of *111 the nature of the charge, and that he realizes the consequences of the plea. R. 3:9-2. At the time defendant-appellant here entered his guilty plea, all requirements under the court rules were met  the plea had a factual basis and was given voluntarily; the defendant had an understanding of the nature of the charge and the consequences of the plea. The Law Division judge accepted the guilty plea in open court.
Our court rules are designed to protect a defendant's constitutional rights. The defendant-appellant's plea was accompanied by a voluntary waiver of several of his constitutional rights; reconsideration of that decision should not be taken lightly by either party or the court. Cf. State v. Hale, 127 N.J. Super. 407, 410-411, 317 A.2d 731 (App.Div. 1974). The terms of a plea agreement must be carefully adhered to; the reasonable expectations of a defendant generated by the plea negotiations should be "meticulously" met. See State v. Lightner, 99 N.J. 313, 317, 491 A.2d 1273 (1985); State v. Jones, 66 N.J. 524, 526, 333 A.2d 529 (1975); State v. Brockington, 140 N.J. Super. 422, 427, 356 A.2d 430 (App.Div.), certif. den., 71 N.J. 345, 364 A.2d 1077, cert. den., 429 U.S. 940, 97 S.Ct. 357, 50 L.Ed.2d 310 (1976).
The State concedes that while it had an "impression" that the co-defendants' guilty pleas also would be forthcoming, no promises to that effect had been made by anyone. Thus, the judge had not been misled by counsel in any way. We find that the record clearly reflects that all the plea agreement's articulated requirements were met and approved by the judge. The judges apparent mistaken impression that defendant-appellant's plea was conditioned on all of his co-defendants pleading guilty, appears to have been an unarticulated premise, not understood as a condition precedent to the performance of the plea agreement by either the State or the defendant.
The judge's position that the public interest has not been served because his own personal expectation, i.e., guilty pleas from the co-defendants, was unfulfilled and that therefore he is *112 not bound by the acceptance of defendant-appellant's plea, is both untenable and violative of defendant's rights. The standard implicated for the withdrawal of guilty pleas dictates that if at the time of sentencing the judge determines that "the interests of justice" will not be served by effecting the plea agreement, the judge may vacate the plea or the defendant shall be permitted to withdraw his plea. R. 3:9-3(e). This rule affords only the defendant the opportunity to move for withdrawal of a guilty plea. State v. Warren, 115 N.J. 433, 443, 558 A.2d 1312 (1989). The State does not have a reciprocal right to repudiate the plea agreement. Id. at 444, 558 A.2d 1312.
Under our system, a trial judge does not concur contemporaneously in the plea agreement struck between the defendant and the State when the judge initially accepts the plea. The judge's decision subsequently, at sentencing, as to whether "the interests of justice" will be served by carrying out the plea agreement, must be based on proper considerations. If the judge expected the guilty pleas of the co-defendants to be a prerequisite for acceptance of defendant-appellant's plea, he should have either taken the co-defendants' guilty pleas concurrently with defendant-appellant's plea or imposed that specific condition on the acceptance of his plea.
Our R. 3:9-3(c) pertains to the disclosure of the plea agreement to the judge. At this point in the process the judge indicates a tentative concurrence in the plea agreement based upon representations by counsel. R. 3:9-3(c). One basis for rejection of a guilty plea is receipt of subsequent information through the presentence report which varies with the representations made during the plea negotiation conference. R. 3:9-3(c). This power of rejection has been described as being within the "discretion of the sentencing judge." Brockington, 140 N.J. Super. at 427, 356 A.2d 430. This discretion permits the judge to vacate the agreement and permits the defendant to vacate his plea. R. 3:9-3(c) and (e). Here neither the presentence report nor any other previously disclosed or undisclosed *113 information about the terms of the agreement led to vacating the plea agreement. Rather, the judge's own mistaken "impression" aborted the plea agreement. Proper procedures should be followed to avoid unilateral mistakes like this. The failure of the judge to follow appropriate procedure should not inure to a defendant's detriment. "[A]ll of the terms of the plea [agreement] ... shall be placed on the record in open court at the time the plea is entered." R. 3:9-3(c). State v. Johnson, 118 N.J. 639, 662-63, 573 A.2d 909, 921 (1990); State v. Warren, 115 N.J. 433, 444, 558 A.2d 1312 (1988).
In the case before us, the judge was not misled in any sense about the operative terms of the agreement. See R. 3:9-3(c). We conclude that the defendant's plea was improperly vacated. The basis for rejection of the plea agreement relied upon by the Law Division judge was insufficient; his order was a mistaken exercise of discretion.
Reversed and remanded for the reinstatement of defendant's guilty plea and the execution of the plea agreement entered into by defendant and the State.