4 A.3d 1036

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. HENRY LEE CONWAY, A/K/A HENRY WIMBUSH, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 27, 2010—Decided October 14, 2010.

Before Judges REISNER, SABATINO and ALVAREZ.

*Jay L. Wilensky,* Assistant Deputy Public Defender, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney for appellant; *Mr. Wilensky,* of counsel and on the brief).

*Robyn B. Mitchell,* Deputy Attorney General, argued the cause for respondent (*Paula T. Dow,* Attorney General, attorney; *Ms. Mitchell,* of counsel and on the brief).

The opinion of the court was delivered by

REISNER, J.A.D.

Defendant Henry Lee Conway (defendant or Conway) appeals from a June 4, 2007 judgment of conviction for second-degree eluding, *N.J.S.A.* 2C:29–2b, second-degree certain persons not to have weapons, *N.J.S.A.* 2C:39–7, and several lower-degree offenses. Conway also appeals from the aggregate sentence of fifteen years subject to the No Early Release Act, *N.J.S.A.* 2C:43–7.2. Because we conclude that the trial court erred in granting the State's motion to vacate a pre-trial plea agreement, we reverse the conviction, vacate the sentence, and reinstate the plea agreement. We remand this matter to the trial court to sentence defendant in accordance with that agreement.

I

The charges against defendant arose from the following facts. A Trenton police officer attempted to pull over a car because several of the occupants were not wearing seatbelts. Instead of pulling over, the driver accelerated and fled. During the ensuing police chase, a MAC–11 machine pistol and a .38 caliber revolver were thrown from the car the police were chasing. The car eventually crashed during the chase. Defendant and several other occupants of the vehicle were taken to the hospital. While at the hospital, defendant confessed to a police officer that he had been driving the car. Defendant was indicted on charges of eluding, aggravated assault, and several weapons offenses, plus car theft and related offenses.

On February 7, 2007, shortly before his trial was to commence, defendant entered into a plea agreement. The written plea form, signed by defendant and the prosecutor, did not list any special conditions set by either side. Most relevant to this appeal, the

State did not condition the agreement on defendant's co-defendants also entering into plea agreements. The written agreement allowed defendant to plead guilty to eluding, *N.J.S.A.* 2C:29–2b, and certain persons not to have weapons, *N.J.S.A.* 2C:39–7, in return for a maximum possible sentence of ten years with a five-year parole bar.

At the plea hearing, defendant attempted to condition his plea on his understanding that since he and his co-defendants were "in this together," they would all be entering into plea agreements. However, defendant did not receive any explicit agreement from the prosecutor that he would be permitted to withdraw his plea if his co-defendants did not plead guilty. The State's only promise at the hearing was that defendant would not be required to testify against the co-defendants if they decided to go to trial. In response to defendant's expressed concern about unanimity with his co-defendants, the trial judge stated generally that defendant could "file a motion" to withdraw his plea if his co-defendants did not plead guilty. The judge did not indicate that such a motion would be granted. At no point during the plea hearing did the prosecuting attorney indicate that the State was conditioning its acceptance of defendant's plea agreement on the co-defendants entering into plea agreements. In fact, such a condition would have been logically inconsistent with the State's promise that defendant would not be required to testify against the co-defendants if they insisted on going to trial.

Defendant then offered as a factual basis his sworn admissions that he was driving the car and eluded the police, and that he had control over a MAC–11 machine gun and a .38 caliber firearm that were on the driver's seat next to him. On the record as we have described it here, the judge accepted the plea agreement.

A month later, when one of the co-defendants opted to go to trial, the State filed a motion to vacate defendant's plea agreement. The prosecutor contended that she understood that the plea deal was conditioned on all defendants pleading guilty, and she expressed concern that if the third defendant went to trial,

Conway would testify on that defendant's behalf. However, at the March 7, 2007 motion argument, Conway and his lawyer insisted that defendant did not want to vacate the plea agreement and had no intention of testifying.

On March 8, 2007, over defendant's vigorous objection, the trial judge granted the State's motion. The judge reasoned that the State had relied on its "expectation" that the plea agreement would be vacated if all defendants did not plead guilty. She also reasoned that the State could be prejudiced if, contrary to his representation, defendant decided to testify at the remaining co-defendant's trial and took full responsibility for possession of the guns. She reasoned that defendant would not be prejudiced through the loss of the plea agreement, because "he may be acquitted, so in that sense, he may be better off if he goes to trial."

## II

Our Supreme Court outlined the framework of plea bargaining in *State v. Means*, 191 *N.J.* 610, 926 *A.*2d 328 (2007):

> "Plea bargaining has become firmly institutionalized in this State as a legitimate, respectable and pragmatic tool in the efficient and fair administration of criminal justice." A key component of plea bargaining "is the 'mutuality of advantage' it affords to both defendant and the State." Simply stated, plea bargaining "enables a defendant to reduce his penal exposure and avoid the stress of trial while assuring the State that the wrongdoer will be punished and that scarce and vital judicial and prosecutorial resources will be conserved through a speedy resolution of the controversy."
>
> *Generally, once an agreement is reached and the defendant pleads guilty, "[d]ue process concerns ... inhibit the ability of the prosecutor to withdraw from a guilty plea."* Those due process "concerns have mostly to do with the voluntary and knowing waiver by the defendant of constitutional rights, which is the basis for entering a guilty plea." The rights a defendant waives include the right to have a jury decide the matter, the right to counsel, and the right to cross-examine witnesses.
>
> [*Id.* at 618, 926 *A.*2d 328 (emphasis added) (citations omitted).]

*Rules* 3:9–3(e) and 3:21–1 explicitly preserve a defendant's right to move to withdraw from a plea agreement in certain circumstances. The *Rules* do not address the State's right to withdraw

from a plea bargain.[1]  Significantly, " '[a]lthough notions of fairness apply to each side, the State as well as the defendant, the defendant's constitutional rights and interests weigh more heavily in the scale.' " *Means, supra,* 191 *N.J.* at 620, 926 *A.*2d 328 (quoting *State v. Warren,* 115 *N.J.* 433, 443, 558 *A.*2d 1312 (1989)).

    In *Means,* the trial court granted the State's motion to vacate a plea agreement because the crime victim had not been notified about the agreement.  The Court held this was error:

[O]ur conclusion is informed by basic principles of contract law. When two parties reach a meeting of the minds and consideration is present, the agreement should be enforced.  The essence of a plea agreement is that the parties agree that defendant will plead guilty to certain offenses in exchange for the prosecution's recommendation to dismiss other charges and suggest a certain sentence, all subject to the right of the court to accept or reject the agreement in the interest of justice.  Valid consideration exists to support the agreement.  The unilateral mistake made by the prosecutor, standing alone, was not sufficient to invalidate the plea agreement.

[*Id.* at 622, 926 *A.*2d 328.]

Based on *Means,* we infer that to safeguard a defendant's constitutional rights, a plea agreement must generally be enforced according to its terms, without implying unstated terms favorable to the State and unfavorable to the defendant.

Where we have permitted the State to withdraw from a plea agreement, that relief was premised on the explicit terms of the agreement.  As we recognized in *State v. Smith,* 306 *N.J.Super.* 370, 383, 703 *A.*2d 954 (App.Div.1997), the State may set conditions on a plea offer and may withdraw its acceptance of the agreement if the conditions are not met.  One common and unobjectionable example is a plea offer contingent on all co-defendants accepting a plea deal.  *Id.* at 382, 703 *A.*2d 954.

However, *Smith* is not on point here because in *Smith,* the terms on which the State conditioned the plea agreement were clearly stated on the record and explicitly set forth in the written plea agreement:

---

[1] *Rule* 3:9–3(d) addresses the prosecutor's right to "annul the plea agreement" if defendant files an appeal after agreeing not to appeal.

At the plea hearing for each defendant, the prosecutor placed on the record that the State's plea agreement was based upon the sentencing court's acceptance of the plea of both defendants as well as a criminal history report showing no prior indictable convictions. Each defendant also signed and initialed a plea form indicating that the plea was based on no prior convictions and contingent on the plea of the co-defendant.

[*Id.* at 381–82, 703 *A.*2d 954.]

By contrast, in this case the written plea agreement did not state any conditions that would give the State the right to withdraw from the deal. Likewise, when the plea agreement was placed on the record, the State placed no conditions on its acceptance of the plea agreement and did not reserve its right to withdraw acceptance of the plea deal if any conditions were not met. While defendant reserved *his* right to withdraw his plea if the co-defendants did not also plead guilty, he in no way obligated himself to invoke that right. Further, the trial judge did not promise defendant that he would be permitted to withdraw his plea, but only stated that he could "file a motion."

Moreover, even if the court had explicitly guaranteed defendant a right to withdraw his plea, that would not translate into a corresponding right of the State to withdraw. Implying such a term would violate a cardinal principle of plea bargaining: "It is axiomatic in plea bargaining that all material terms and relevant consequences be clearly disclosed, fully understood, and knowingly and voluntarily accepted by the defendant." *State v. Warren*, *supra*, 115 *N.J.* at 444, 558 *A.*2d 1312. By analogy, in *State v. Salentre*, 242 *N.J.Super.* 108, 111–12, 576 *A.*2d 36 (App.Div.1990), we reversed the trial court's decision to vacate a plea agreement based on the "unarticulated premise" that the agreement was conditioned on all defendants accepting a plea bargain.

In short, if the State wanted to condition this plea agreement on the co-defendants accepting a plea bargain, the State should have explicitly stated that condition in the written plea agreement or in the prosecutor's confirmation of the agreement on the record. *See Salentre*, *supra*, 242 *N.J.Super.* at 112–13, 576 *A.*2d 36. In the absence of any such explicit condition, defendant

had a right to enforce the plea agreement. Consequently, we reverse defendant's June 4, 2007 conviction and vacate the sentence imposed upon that conviction. We reinstate his guilty plea entered on February 7, 2007, and remand this case to the Law Division, Criminal Part for the limited purpose of sentencing defendant pursuant to the plea agreement.[2]

Reversed and remanded.

---

[2] We do not address defendant's remaining appellate contentions, which are moot in light of our disposition of this appeal.