NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0545-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

THOMAS T. HAWKINS,

 Defendant-Appellant.
____________________________________

 Submitted October 12, 2017 – Decided October 30, 2017

 Before Judges Alvarez and Geiger.

 On appeal from the Superior Court of New
 Jersey, Law Division, Mercer County,
 Indictment No. 11-07-0721.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Welaj, Designated
 Counsel, on the brief).

 Angelo J. Onofri, Mercer County Prosecutor,
 attorney for respondent (Scott Gershman,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Thomas Hawkins appeals from the July 21, 2015 order

denying his petition for post-conviction relief (PCR) without an

evidentiary hearing. We affirm.
 On September 17, 2010, defendant robbed a dry cleaning

establishment, shooting and killing the owner in the process.

Defendant gave a videotaped confession to the police during which

he admitted shooting the victim.

 A Mercer County grand jury indicted defendant for first-

degree murder for the purpose of escaping detection or while

committing a robbery, N.J.S.A. 2C:11-3(a)(1) or –(a)(2) (count

one); first-degree murder, N.J.S.A. 2C:11-3(a)(1) and -(a)(2)

(count two); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3)

(count three); first degree robbery, N.J.S.A. 2C:15-1 (count

four); second-degree possession of a weapon for an unlawful

purpose, 2C:39-4(a) (count five); third-degree unlawful possession

of a weapon, N.J.S.A. 2C:39-5(b) (count six); and hindering

apprehension or prosecution, N.J.S.A. 2C:29-3(b)(4) (count seven).

 On June 5, 2012, defendant entered into a plea agreement,

pleading guilty to felony murder (count three), in exchange for a

sentencing recommendation of a thirty-year prison term subject to

a thirty-year period of parole ineligibility pursuant to N.J.S.A.

2C:11-3(b)(1), followed by a five-year period of parole

supervision under the No Early Release Act (NERA), N.J.S.A. 2C:43-

7-2(c), and the dismissal of the remaining counts.

 The plea forms initialed and signed by defendant included the

standard supplemental plea form for NERA cases, which asked

 2 A-0545-15T1
defendant: "Do you understand that because you have pled guilty

to these charges the court must impose a 5 year term of parole

supervision and that term will begin as soon as you complete the

sentence of incarceration?" To that question defendant answered,

"Yes."

 During the plea hearing, the court questioned defendant about

the supplemental NERA plea form. Defendant testified that he

reviewed the form with his attorney, understood the questions as

his attorney explained them to him, underlined his answers on the

form, and signed the form. He further testified that he understood

there would be a five-year period of parole supervision after he

was released from incarceration.

 Defendant established an adequate factual basis for his plea.

He admitted that on the morning of September 17, 2010, he was

armed with a loaded .38 caliber handgun and entered James' Dry

Cleaning intending to rob it. In the process of carrying out the

robbery, he admitted to firing a shot that caused the death of the

owner, constituting felony murder.

 Defendant denied being under the influence of any substance,

either legal or illegal, that would interfere with his ability to

make a decision the day of the plea hearing. He also denied having

any questions that he would like to ask the court, the prosecutor,

or his attorney about the terms of the agreement or the proceeding

 3 A-0545-15T1
being conducted. Defendant testified that he was entering into

the plea agreement freely, voluntarily, and with full knowledge

and understanding of the consequences of being convicted of felony

murder.

 The trial court accepted the defendant's plea, finding that

defendant was "competent" and that the plea was being made "freely,

knowingly, intelligently, and voluntarily, and that there's a

sufficient factual basis for acceptance of the plea." Defendant

did not move to withdraw his guilty plea either before or after

sentencing.

 On August 15, 2012, defendant was sentenced in accordance

with the terms of the plea agreement and ordered to pay restitution

of $3426 and appropriate fines, penalties, and assessments. The

remaining counts of the indictment were dismissed.

 On June 10, 2013, defendant filed a notice of appeal, arguing

that the restitution award was excessive. The appeal was heard

before an Excessive Sentencing Oral Argument (ESOA) panel pursuant

to Rule 2:9-11. Defendant conceded at oral argument that he had

received the minimum sentence for felony murder—a thirty-year

prison term subject to a thirty-year period of parole

ineligibility. Defendant's sole argument was based on the

sentencing court's failure to conduct a hearing regarding his

ability to pay $3426 in restitution. The ESOA panel entered a

 4 A-0545-15T1
November 20, 2013 order affirming the sentence imposed, holding

that "the disposition is not manifestly excessive or unduly

punitive and does not constitute an abuse of discretion."

 On July 28, 2014, defendant filed a timely pro se PCR petition

that was supplemented with a brief by appointed PCR counsel.

Through counsel, defendant raised the following issues:

 POINT I

 DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL
 RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL
 COUNSEL, DUE PROCESS OF THE LAW AND HIS RIGHT
 TO A FAIR TRIAL AND RECEIVED AN ILLEGAL
 SENTENCE SINCE TRIAL COUNSEL AND THE COURT
 DEPRIVED THE DEFENDANT OF HIS CONSTITUTIONAL
 RIGHTS.

 POINT II

 DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL
 RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL
 COUNSEL, DUE PROCESS OF THE LAW AND OF HIS
 RIGHT TO A FAIR TRIAL SINCE TRIAL COUNSEL
 FAILED TO ARGUE THAT THE DEFENDANT COULD NOT
 ENTER INTO THE PLEA AGREEMENT KNOWINGLY.

 In a supplemental letter brief, PCR counsel raised the

following additional issue:

 A term of incarceration of thirty years with
 a thirty year parole disqualifier was imposed
 for the conviction for count three, Felony
 Murder. Such sentence violates the Fifth
 Amendment and Double Jeopardy Clause of the
 United States Constitution as the same was not
 imposed pursuant to the No Early Release Act.
 Moreover, a sentence imposed pursuant to the
 Graves Act was illegal as the defendant was
 sentenced pursuant to the No Early Release

 5 A-0545-15T1
 Act. Notably, N.J.S.A. 2C:1-9(a) prevents a
 greater sentence when a lesser one is imposed.

 In his supporting brief, PCR counsel argued that trial counsel

failed to inform defendant he would be subject to a five-year term

of parole supervision upon his release, failed to inform him the

plea he entered into violated his rights and the Double Jeopardy

Clause of the United States Constitution, and failed to inform him

he could file a direct appeal addressing those issues as well as

his inability to pay restitution. He further argued that trial

counsel failed to make relevant arguments at sentencing regarding

mitigating factors and the double counting of aggravating factors.

PCR counsel also asserted trial counsel failed to argue for a

lesser sentence pursuant to State v. Warren, 115 N.J. 433 (1989).

 More specifically, PCR counsel's brief argued that trial

counsel failed to discuss defendant's mental health history,

social history, disadvantaged childhood, and addiction problems

during the sentencing hearing. He further noted that trial counsel

failed to argue that defendant was a first time youthful offender

and had received his G.E.D.

 With respect to his argument that he had not entered his

guilty plea knowingly, defendant argued:

 [D]ue to him being unable to take his
 medications prior to entering into the plea
 agreement, he was unable to function correctly
 and rationally participate in the plea

 6 A-0545-15T1
 hearing. He was unable to object in any
 substantial way, comprehend his position, and
 consult with counsel intelligently. Trial
 counsel was aware that he was unable to
 function and instructed him to perjure himself
 by denying as much.

 Defendant's claim that he was unable to take his prescribed

medications on the date of the plea hearing was not corroborated

in any way. Defendant did not provide any affidavits,

certifications, expert reports, medical records, or other exhibits

verifying any relevant psychiatric or medical diagnosis, or any

medications he had been prescribed. Defendant also failed to

provide any documents verifying the impact of the failure to take

those medications on his ability to make a knowing, intelligent,

and voluntary plea. Defendant's presentation during the PCR

hearing was similarly devoid of any such information.

 The PCR was heard by Judge Pedro J. Jimenez, Jr. During the

PCR hearing, defendant withdrew his claims of ineffective

assistance of counsel, and stated that he only sought to pursue

his claim that his sentence was illegal. In essence, defendant's

argument was twofold: (1) trial counsel failed to advise him that

he would be subject to a five-year period of parole supervision

if convicted of felony murder; and (2) imposition of the five-year

period of parole supervision violated his constitutional rights

and was illegal.

 7 A-0545-15T1
 On July 21, 2015, Judge Jimenez issued an order and

comprehensive seventeen-page letter opinion denying defendant's

PCR petition without conducting an evidentiary hearing. In his

opinion, Judge Jimenez addressed the merits of each of defendant's

arguments, including those he had voluntarily withdrawn.

 In his present appeal, defendant raises the following issue:

 POINT I

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR POST CONVICTION
 RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
 HEARING TO FULLY ADDRESS THIS CONTENTION THAT
 HE FAILED TO RECEIVE ADEQUATE LEGAL
 REPRESENTATION FROM TRIAL COUNSEL.

 We affirm substantially for the reasons stated by Judge

Jimenez in his thorough and well-reasoned written decision. We

add only the following comments.

 PCR petitioners are not automatically entitled to an

evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170

(App. Div.), certif. denied, 162 N.J. 199 (1999). Rather:

 A defendant shall be entitled to an
 evidentiary hearing only upon the
 establishment of a prima facie case in support
 of post-conviction relief, a determination by
 the court that there are material issues of
 disputed fact that cannot be resolved by
 reference to the existing record, and a
 determination that an evidentiary hearing is
 necessary to resolve the claims for relief.

 [R. 3:22-10(b).]

 8 A-0545-15T1
 "A court shall not grant an evidentiary hearing . . . if the

defendant's allegations are too vague, conclusionary or

speculative[.]" R. 3:22-10(e)(2); see State v. Marshall, 148 N.J.

89, 158, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed.

2d 88 (1997). "Rather, defendant must allege specific facts and

evidence supporting his allegations." State v. Porter, 216 N.J.

343, 355 (2013). As we explained in Cummings, "in order to

establish a prima facie claim, a petitioner must do more than make

bald assertions. . . ." Cummings, supra, 321 N.J. Super. at 170.

He must allege facts sufficient to demonstrate his claims. Ibid.

 As noted by Judge Jimenez, defendant did not

 provide any actual evidence of the fact that
 he was prescribed medication at the time of
 the plea, what type of medication he was
 prescribed, what effect the medication had on
 petitioner or that he was instructed by his
 attorney to perjure himself and say that he
 understood the proceedings without his
 medication. As noted by the State, if the
 [defendant] was prescribed legally to
 medication to aid in his comprehension while
 incarcerated at the Mercer County Correctional
 Center, there would be records documenting
 that he was prescribed medication. The
 [defendant] has provided no such records.

Defendant has not provided any evidence of his diagnosis, the

medication he was prescribed, or that his condition would affect

his cognitive ability if he did not receive his prescribed

medication. His unsupported allegations failed to establish a

 9 A-0545-15T1
prima facie case. Absent such evidence, defendant cannot prevail

on the merits.

 We review a judge's decision to deny a PCR petition without

an evidentiary hearing for abuse of discretion. State v. Preciose,

129 N.J. 451, 462 (1992). We discern no such abuse of discretion

by the PCR court. Judge Jimenez correctly concluded that defendant

did not establish a prima facie case and was not entitled to an

evidentiary hearing.

 The remaining issues raised by defendant lack sufficient

merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

 Affirmed.

 10 A-0545-15T1