**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0063-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TAHEED HILL a/k/a JAHEED
HILL, MARK J. HOLMES, and
JAHEED S. HILL,

    Defendant-Appellant.

_____

<div style="margin-left:2em">

Argued July 10, 2018 — Decided August 13, 2018

Before Judges O'Connor and Moynihan.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Indictment No.
13-01-0046.

John S. Furlong argued the cause for appellant
(Furlong and Krasny, attorneys; John S.
Furlong, of counsel and on the brief).

Monica do Outeiro, Assistant Prosecutor,
argued the cause for respondent (Christopher
J. Gramiccioni, Monmouth County Prosecutor,
attorney; Monica do Outeiro, of counsel; Emily
M. M. Pirro, Legal Assistant, on the brief).

</div>

PER CURIAM

Defendant Taheed Hill appeals from the denial of his motion to withdraw his guilty plea to third-degree possession with intent to distribute a controlled dangerous substance (CDS) in a school zone, N.J.S.A. 2C:35-7, arguing:

POINT I

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WHERE THE TERMS OF THE PLEA AGREEMENT REGARDING CONCURRENT SENTENCES WERE NOT HONORED.

We perceive no error, much less clear error, in the judge's decision to deny defendant's motion to withdraw his plea and affirm.

Defendant reprises his contention made to the trial court that "a scrivener's error in classification at the county jail resulted in a hardship of constitutional dimension," arguing his classification as a state inmate after sentencing on January 24, 2014 pursuant to his plea agreement — which called for a term concurrent with defendant's sentence on a federal parole violation,[1] imposed on December 20, 2013 — deprived him of credits toward his federal sentence which did not begin until he completed

---

[1] Defendant agreed to an extended-term state prison sentence of seven years with forty-two months parole ineligibility. At the time of his arrest on the CDS charges, defendant was on supervised release stemming from a federal conviction for possession of a firearm by a convicted felon.

his state prison term. He maintains that his prison term was converted from concurrent to consecutive — "a manifest injustice" constituting grounds for his plea withdrawal. R. 3:21-1.

We recognize a motion to withdraw a guilty plea is committed to the judge's sound discretion, State v. Slater, 198 N.J. 145, 156 (2009), and will only overturn a judge's decision if there was an abuse of discretion causing the decision to be clearly erroneous, State v. O'Donnell, 435 N.J. Super. 351, 372 (App. Div. 2014).

> "A denial of a motion to vacate a plea is 'clearly erroneous' if the evidence presented on the motion, considered in light of the controlling legal standards, warrants a grant of that relief." State v. Mustaro, 411 N.J. Super. 91, 99 (App. Div. 2009) (quoting Slater, 198 N.J. at 164). . . .
>
> . . . [W]here the court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record. State v. Harris, 181 N.J. 391, 420-21 (2004). Thus, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the . . . court." Id. at 421.
>
> [O'Donnell, 435 N.J. Super. at 372-73.]

We therefore balance the four factors required by the Slater Court to be evaluated in determining a motion to withdraw a guilty plea: "(1) whether the defendant has asserted a colorable claim

A-0063-17T1

of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused," 198 N.J. at 157-58, and affirm for substantially the same reasons expressed by Judge Joseph W. Oxley in his written decision, adding only the following comments.

Defendant never asserted his innocence. He admitted his guilt during his plea colloquy, acknowledged he sold drugs to the presentence report writer, and — according to his attorney during the motion hearing — accepted responsibility. We agree with Judge Oxley's determination that the plea agreement should not be afforded great weight; it does however weigh against defendant, who has "a heavier burden in seeking to withdraw [this plea] entered as part of a plea bargain." Slater, 198 N.J. at 160. We likewise concur with the judge's finding that, although the fourth Slater factor need not be considered because defendant did not establish the other factors, see id. at 162-64, the State would be prejudiced if defendant were permitted to withdraw his plea because the passage of time from the commission of the crime on August 3, 2012 hinders the State's ability to regroup law enforcement personnel, laboratory experts and defendant's three co-defendants. And we note that proficient defense counsel at the

present trial would be able to challenge the State's witnesses' ability to recall events from 2013.

In considering the nature and strength of defendant's reasons for withdrawal, we heed the Court's direction and focus "on the basic fairness of enforcing a guilty plea by asking whether defendant has presented fair and just reasons for withdrawal, and whether those reasons have any force." Id. at 159. "It is fundamental that when a defendant pleads guilty pursuant to a plea agreement, the terms of the agreement must be fulfilled." State v. Kovack, 91 N.J. 476, 482 (1982). "The terms of the plea agreements must be meticulously adhered to, and a defendant's reasonable expectations generated by plea negotiations should be accorded deference." State v. Brockington, 140 N.J. Super. 422, 427 (App. Div. 1976). A review of the sentencing transcript and the judgment of conviction confirms that both the prosecutor's office and the court heeded the plea agreement and imposed a sentence concurrent to defendant's federal twenty-month parole violation. The court even released defendant on his own recognizance (ROR), subject to a federal detainer, so he could receive federal custodial credits.[2]

---

[2] Defendant's merits brief and Judge Oxley's decision indicate the bail was reduced on December 19, 2013; during argument on the motion to withdraw, defense counsel stated the date was December 4, 2012, conceding however he might be "off on the date."

Thus we agree with Judge Oxley and the State, as admitted by defense counsel during the motion hearing, that the prosecutor's office and court adhered to the plea agreement. We see no support for defendant's insistence that "[t]o be sure, the State, not the federal government, failed to carry out defendant's plea bargain." During motion argument, defense counsel offered only his self-described "educated guess" that a classification officer in the Monmouth County jail — which, according to defendant houses both State and federal prisoners — failed to notify federal authorities that defendant should have been in federal custody. He later admitted, "I don't know what happened," as to whether a classification officer, "someone in Trenton," or someone at the Central Reception and Assignment Facility — to which defendant was sent after his State sentencing — "called someone at the marshal's office, and [said], nah, we'll take [defendant]." There is no evidence the State did anything to deprive defendant of the bargained-for sentence. Contrary to defendant's contention, the State relinquished control over defendant when he was released ROR.

Defendant's request for credits should have been made in the federal arena. This motion — the purpose of which, according to defense counsel, was to vacate the State sentence, "await a reclassification of [defendant's] federal jail credits" and, "if

A-0063-17T1

. . . acceptable to the State," thereafter withdraw the motion under review and "consent to re-sentencing in absentia" — is a back-door attempt to present a federal issue in State court. Whether defendant is entitled to federal credits after his ROR release is not for a New Jersey court to decide. A State court's grant of defendant's motion to withdraw his plea will not correct the "manifest injustice" defendant alleges. See R. 3:21-1. A vacated plea will not provide defendant any federal credits; and there is no guarantee he would be able to subsequently enter a plea to the State charges. The case would be placed on the trial list, having the impact we discussed when analyzing the Slater factors.

After balancing all four of the Slater factors, we determine defendant has not met his burden of substantiating his request with "strong, compelling reasons." 198 N.J. at 160. Defendant has not shown that the denial of his post-sentencing motion was manifestly unjust, overcoming the "formidable barrier" created by the acceptance of his guilty plea. Slater, 198 N.J. at 156-57 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

We deem the balance of defendant's arguments, including his briefly mentioned contention — not raised below — that he was not advised of the possibility his sentence would be served consecutively, to be without sufficient merit to warrant

discussion in this decision.  <u>R.</u> 2:11-3(e)(2); <u>State v. Robinson</u>, 200 N.J. 1, 20 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION