**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0851-19T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

HOWARD L. DUNNS, a/k/a
HOWARD LAMONT DUNNS,
CLARENECE DUNNS,
MICHAEL HOARN,
ROBERT JONESY,
LAMONT NEWPORT, and
ROBERT JONES,

    Defendant-Respondent.

_____

Argued January 13, 2020 – Decided March 9, 2020

Before Judges Messano, Vernoia and Susswein.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 13-08-2321 and 13-09-2433.

Marisa McGarvey, Assistant County Prosecutor, argued the cause for appellant (Damon G. Tyner, Atlantic County Prosecutor, attorney; Marisa McGarvey, of counsel and on the brief).

Alison Gifford, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Alison Gifford, of counsel and on the brief).

PER CURIAM

Defendant, Howard L. Dunns, was charged in several indictments with numerous crimes alleged to have been committed in two different counties. The State and defendant negotiated two plea agreements, entered on different dates, to resolve the multitude of charges. Defendant recently exercised his right to withdraw from the first plea agreement after he successfully appealed from the trial court's denial of a severance motion. The State seeks to vacate the second plea agreement, arguing that the two agreements were intended to be part of a unified, global resolution of all charges pending against defendant. The State argues, for example, that it would not have extended the leniency afforded in the second plea agreement but for the significant prison term imposed pursuant to the first agreement.

The trial court denied the State's motion to vacate the second agreement, ruling that the two agreements are separate and not contingent on each other. The trial court further held the State has no right to withdraw from the second agreement, especially since defendant has already served the sentences imposed

A-0851-19T1

under that agreement. We granted the State leave to appeal from the denial of its motion to vacate the second agreement.

We have reviewed the record in view of the parties' arguments and applicable legal principles and conclude that the trial court did not abuse its discretion in denying the State's motion to vacate the second plea agreement. Our review of the record accords with the trial court's finding that the record is silent as to whether the two plea agreements were intended to be treated as a single, unified, and indivisible resolution of pending charges. Notably, the second agreement, unlike the first one, was not a conditional agreement; the prosecutor did not expressly reserve the right to withdraw from the second agreement in the event defendant prevailed on the appeal he preserved through the conditional plea agreement.

In the absence of a clear indication in the record that both parties intended for the two agreements to rise or fall together, and given the deferential standard of review that applies, we affirm the trial court's decision.

## I.

The procedural history of this matter is complex, reflecting the large number of crimes defendant is alleged to have committed in two different counties. As we have already noted, this appeal involves two plea agreements

A-0851-19T1

that resolved a number of charges specified in different indictments. We begin by summarizing the content of the indictments resolved by each agreement. We then discuss the terms of the two plea agreements.

The initial agreement pertains to Atlantic County Indictment Nos. 13-09-2433 and 13-08-2321. Indictment No. 13-09-2433 charged defendant with eight counts of third-degree burglary, in violation of N.J.S.A. 2C:18-2; one count of fourth-degree theft, in violation of N.JS.A. 2C:20-3; nine counts of fourth-degree criminal mischief, in violation of N.J.S.A. 2C:17-3(a)(1); eight counts of third-degree conspiracy, in violation of N.J.S.A. 2C:5-2 and 2C:18-1; five counts of third-degree theft, in violation of N.J.S.A. 2C:20-3; one count of first-degree kidnapping, in violation of N.J.S.A 2C:13-1(b); one count of second-degree robbery, in violation of N.J.S.A 2C:15-1; and one count of second-degree conspiracy, in violation of N.J.S.A. 2C:5-2, 2C:13-1(b), and 2C:15-1.

We note with respect to this indictment that eight of the counts pertain to eight separate residential burglaries occurring on different dates. Four counts of this indictment relate to a robbery and kidnapping alleged to have occurred on January 25, 2013. Defendant moved to sever the four counts relating to the

January 25 incident, from the eight counts charging unrelated residential burglaries. The trial court denied defendant's severance motion.[1]

Under Atlantic County Indictment No. 13-08-2321, defendant was charged with a single count of third-degree burglary, in violation of N.J.S.A. 2C:18-2; a single count of third-degree theft, in violation of N.J.S.A. 2C:20-3; and a single count of third-degree conspiracy, in violation of N.J.S.A. 2C:5-2 and 2C:18-1.

We now turn to the indictments resolved by the second plea agreement. That agreement resolved the charges in Gloucester County Indictment Nos. 14-02-0162, 14-06-0558, 14-07-2250, 14-07-2379, and 14-08-2442, as well as an unindicted Gloucester County matter, Case No. 14-002189. It is sufficient for purposes of our recitation of the procedural history to note that these charging instruments alleged eleven burglaries committed in Gloucester County.

Having placed in context the offenses and indictments addressed by each agreement, we now discuss the terms of the agreements. On March 31, 2015, defendant pled guilty pursuant to the first plea agreement to kidnapping and three counts of burglary charged in Atlantic County Indictment No. 13-09-2433.

---

[1] As noted later in this opinion, we reversed that judgment and defendant recently exercised his option to withdraw his guilty plea under the first agreement.

A-0851-19T1

With respect to the kidnapping count, the plea agreement contemplated that defendant would be sentenced to a nineteen-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.  The initial plea agreement further provided that defendant would be sentenced to five-year prison terms on the three burglary counts, which would be served concurrently with the sentence imposed on the kidnapping conviction.  In exchange for defendant's guilty plea, the State agreed to dismiss the remaining counts pending in Indictment No. 13-09-2433, as well as the entirety of Indictment No. 13-08-2321.  In all, the State agreed to dismiss thirty-three counts under the first plea agreement.

Importantly for purposes of this appeal, the first plea bargain was a conditional agreement in which defendant expressly reserved the right to appeal the denial of his severance motion pursuant to Rule 3:9-3(f).[2]  The State, in other

---

[2]  Rule 3:9-3(f) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any specified pretrial motion.  If the defendant prevails on appeal, the defendant shall be afforded the opportunity to withdraw his or her plea.  Nothing in this rule shall be construed as limiting the right of appeal provided for in R. 3:5-7(d) [concerning appeals from the denial of a Fourth Amendment motion to suppress].

words, consented to a conditional guilty plea that allowed defendant to appeal the denial of that pretrial motion.

At the time defendant entered his guilty pleas pursuant to the first agreement, the trial court, prosecutor, and defendant were aware that additional charges were pending in Gloucester County. Specifically, the parties acknowledged at the first plea hearing that two Gloucester County indictments were to be transferred to Atlantic County for resolution under the auspices of the Atlantic County Prosecutor's Office. Defense counsel advised the trial court they would "probably resolve" those two indictments at or before defendant's sentencing on Indictment No. 13-09-2433. The prosecutor likewise informed the court that the Gloucester County charges would likely be resolved by guilty pleas.

The court scheduled defendant's sentencing on the first plea agreement for July 7, 2015. On that date, defendant moved to withdraw from the first plea agreement. The court denied defendant's motion.

Defense counsel then advised the judge the parties were prepared to enter an additional plea agreement. The court initiated the plea colloquy but refused to accept the guilty plea when defendant balked at providing an adequate factual

7

basis. The court thereupon sentenced defendant in accordance with the first plea agreement.

Immediately following sentencing on the first plea agreement, defense counsel indicated to the court that defendant was now prepared to enter a guilty plea on the five Gloucester County indictments and unindicted matter. This time, defendant provided an adequate factual basis and the trial court accepted the guilty pleas.

This second plea agreement provided that in exchange for pleading guilty to five charges of third-degree burglary and one charge of fourth-degree criminal mischief, the State agreed to recommend the court impose five-year prison terms to be served concurrently with each other and concurrent to the sentences that the court had just imposed under the first plea agreement. The State also agreed to dismiss the remaining charges.

Although the sentences under both plea agreements were to be served concurrently, the second plea agreement was not characterized as a conditional agreement and did not expressly provide that it was contingent on the first plea agreement. Notably, the prosecutor did not advise the court that the second plea agreement was conditioned on the outcome of the appeal of the severance motion reserved under the first plea agreement. The second plea agreement, in

other words, did not expressly provide that if defendant prevailed in that appeal and elected to withdraw his guilty plea under the first agreement, the State reserved the right to vacate the guilty pleas entered under the second agreement.

At defendant's second sentencing hearing, the court sentenced defendant in accordance with the terms of the second plea agreement. On the convictions for third-degree burglary, the court imposed five-year prison terms to be served concurrently with all other sentences. On the criminal mischief conviction, the court imposed an eighteen-month prison term also to be served concurrently with all other sentences. The court dismissed all remaining charges that had been brought initially in Gloucester County.

Thereafter, defendant appealed the trial court's denial of his motion to sever the kidnapping and robbery charges from the unrelated burglary counts. We ultimately reversed the trial court's denial of defendant's motion to sever. State v. Dunns, No. A-0481-15 (App. Div. June 29, 2018) (slip op. at 8). Accordingly, we vacated defendant's conviction and sentence as to the charges in Indictment No. 13-09-2433 and remanded for further proceedings. Ibid. On remand, the court severed the four counts relating to the robbery and kidnapping episode from the remaining burglary counts in Indictment No. 13-09-2433.

The State then moved to withdraw from the second plea agreement. The trial court denied the State's motion, whereupon the State moved for leave to appeal the trial court's decision. We granted the appeal.[3]

On January 22, 2020, after oral argument, we remanded the matter to the trial court after determining that the State's appeal was premature. Specifically, we noted that defendant had not yet decided whether he would exercise his right to withdraw from the first plea agreement after his successful appeal of the severance motion. See State v. Diloreto, 362 N.J. Super. 600, 616 (App. Div. 2003) (permitting a defendant to choose not to withdraw a guilty plea after succeeding on appeal from a conditional guilty plea). Our remand order directed the trial court to convene a hearing at which defendant would announce his decision whether to withdraw from the first plea agreement.

---

[3] The State also sought to withdraw from the first plea agreement with respect to the charges in Indictment No. 13-08-2321. The trial court denied the State's motion. Our order granting the appeal specifically directed the parties to "address whether this court's judgment vacating defendant's conviction on Count 21 of Indictment No. 13-09-2344 also served to vacate the dismissal of Indictment No. 13-08-2321." The parties now agree, as do we, that as a result of defendant's election to withdraw his guilty pleas under the first plea agreement, all charges that had been resolved in that initial agreement must be restored, including the charges brought under Atlantic County Indictment No. 13-08-2321.

On February 5, 2019, we received a letter from the trial court notifying us that defendant exercised his right to withdraw from the first plea agreement. Accordingly, we now proceed to address the merits of the State's appeal.

## II.

The State raises the following contentions for our consideration:

POINT I

> IT VIOLATES BASIC CONTRACT LAW GOVERNING PLEA AGREEMENTS TO NOT RETURN THE PARTIES TO THEIR ORIGINAL BARGAINING POSITIONS; PERMITS DEFENDANT TO UNJUSTLY REAP THE SUBSTANTIAL BENEFIT OF THE STATE'S LENIENCY, THE CONSIDERATION EXCHANGED FOR DEFENDANT'S SERVICE OF THE PRISON TERM LATER VACATED ON APPEAL FOR REASONS UNRELATED TO THE AGREEMENT; AND LEAVES THE STATE WITHOUT REDRESS AS TO OTHER MATTERS THAT BENEFITTED FROM THE LENIENT SENTENCING RECOMMENDATIONS.

POINT II

> AS TO THIS COURT'S SUPPLEMENTAL ORDER OF OCTOBER 25, 2019, PARAGRAPH 5, FOR AN INQUIRY REGARDING INDICTMENT #13-08-2321 IN PARTICULAR.

POINT III

THE REDRESS SOUGHT BY THE STATE ACCORDS WITH NEW JERSEY AND FEDERAL PRINCIPLES GOVERNING DOUBLE JEOPARDY.

III.

We begin our analysis by acknowledging the standard of review governing this appeal. "The withdrawal of a guilty plea is within the broad discretion of the trial court." State v. Bellamy, 178 N.J. 127, 135 (2003) (citations omitted); see also R. 3:21-1 (permitting a trial court to grant a defendant's motion to withdraw a guilty plea after sentencing "to correct a manifest injustice"). "We will . . . reverse the denial of a motion to withdraw a guilty plea 'only if there was an abuse of discretion which renders the lower courts' decision clearly erroneous.'" State v. Hooper, 459 N.J. Super. 157, 180 (App. Div. 2019) (quoting State v. Simon, 161 N.J. 416, 444 (1999)). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

We turn next to the substantive law pertaining to an application by the State to withdraw from a plea agreement. Plea bargaining is "firmly

12

institutionalized in this State as a legitimate, respectable and pragmatic tool in the efficient and fair administration of justice." State v. Means, 191 N.J. 610, 618 (2007). "The cornerstone of the plea bargain system is the 'mutuality of advantage' it affords to both defendant and the State." State v. Taylor, 80 N.J. 353, 361 (1979) (citations omitted). A plea agreement "enables a defendant to reduce his penal exposure and avoid the stress of trial while assuring the State that the wrongdoer will be punished and that scarce and vital judicial and prosecutorial resources will be conserved." Ibid.

The interpretation of a plea agreement is informed by basic principles of contract law. Means, 191 N.J. at 622. As the Court observed in Means:

> When two parties reach a meeting of the minds and consideration is present, the agreement should be enforced. The essence of a plea agreement is that the parties agree that defendant will plead guilty to certain offenses in exchange for the prosecutor's recommendation to dismiss other charges and suggest a certain sentence, all subject to the right of the court to accept or reject the agreement in the interests of justice.
>
> [Ibid. (emphasis added).]

We draw attention to the role of the trial court because a plea agreement is not like a private contract that comes to a reviewing court's attention only after a dispute arises, at which point the court is called upon for the first time to divine the intention of the parties. In the criminal plea-bargaining setting, the

13

parties propose a negotiated resolution of charges, but it is the court, ultimately, that accepts or rejects the plea agreement.

The trial court's role has important ramifications for purposes of this appeal. For one thing, it is incumbent on the parties to fully apprise the court of the terms and conditions of the agreement so that it can properly exercise its discretion in deciding whether the interests of justice will be served by effectuating the agreement. See Rule 3:9-2 (reposing with the trial court the discretion to accept a plea of guilty after questioning the defendant and obtaining "an understanding of the nature of the charge and the consequences of the plea").

Typically, this is not accomplished by tendering a detailed typewritten document resembling a private contract. Rather, the terms and conditions are memorialized first, by filling out by hand blank spaces on a preprinted plea form,[4] and then by having the prosecutor or defense counsel explain the terms and conditions on the record in open court.[5] The court then confirms with the

---

[4] The plea form approved by the Administrative Office of the Courts (AOC) serves to advise the defendant of all rights that will be waived by pleading guilty and informs the defendant of the various consequences of the plea.

[5] The role trial courts serve in ratifying plea agreements lends additional support to the principle that appellate courts owe deference to a trial court's understanding of the terms and conditions of the agreement. In this instance, however, this factor is of less import as the judge who denied the State's motion

14

opposing counsel that the articulation of the agreement was accurate and complete.

This process not only affords the advocates an opportunity to explain all terms and conditions of the agreement but also imposes on them an obligation to do so.  As to completeness, moreover, it bears noting that during the ensuing plea colloquy with the defendant, the court will make certain that there are no conditions or promises other than those that were announced on the record in open court.  Ibid.[6]

Plea agreements are different from private contracts in another way.  Generally, once the court approves of the plea agreement and the defendant pleads guilty, "[d]ue process concerns . . . inhibit the ability of the prosecutor to withdraw from a guilty plea."  State v. Warren, 115 N.J. 433, 445 (1989).  Our Court Rules account for these concerns by explicitly preserving a defendant's right to seek to withdraw from a plea agreement under certain circumstances.  See R. 3:9-3(e) (permitting a defendant to withdraw a guilty plea in the interests

---

to vacate the second plea agreement is not the same judge who accepted the two agreements.

[6] The AOC-approved plea form also requires the parties to list the promises or conditions that are part of the guilty plea and to confirm whether any promises induced the plea other than those included on the plea form.

of justice); <u>R.</u> 3:21-1 (permitting a defendant to move to withdraw a guilty plea before or after sentencing). "Our Rules do not contain a corresponding right of the State to withdraw from a plea agreement." <u>Means</u>, 191 N.J. at 620 (citing <u>Warren</u>, 115 N.J. at 443–44).[7]

"Where we have permitted the State to withdraw from a plea agreement, that relief was premised on the explicit terms of the agreement." <u>State v. Conway</u>, 416 N.J. Super. 406, 411 (App. Div. 2010). In that regard, it is clear that "the State may set conditions on a plea offer and may withdraw its acceptance of the agreement if the conditions are not met." <u>Ibid.</u> (noting that "[o]ne common and unobjectionable [condition] is a plea offer contingent on all co-defendants accepting a plea deal" (citing <u>State v. Smith</u>, 306 N.J. Super. 370, 382 (App. Div. 1997))); <u>see also</u> <u>Smith</u>, 306 N.J. Super. at 383–84 (permitting the State to withdraw from a plea agreement after it placed in the plea forms and on the record the explicit condition that the defendants' criminal history report show no prior indictable convictions). It is important, however, that the "agreement . . . be enforced according to its terms, without implying unstated terms favorable to the State and unfavorable to the defendant." <u>Conway</u>, 416

---

[7] <u>Rule</u> 3:9-3(d) does provide the prosecutor a right to "annul [a] plea agreement" if the defendant files an appeal after agreeing not to appeal.

N.J. Super. at 411; see also State v. Salentre, 242 N.J. Super. 108, 111 (App. Div. 1990) (reversing a trial court's decision to vacate a plea based on "an unarticulated premise" it held at the time of accepting the plea that the defendant's plea was conditioned on his co-defendants also pleading guilty).

IV.

We next apply these general principles to the circumstances presented in this case. The trial court concluded that the two plea agreements were separate and were not intended by both parties to represent a single global resolution of all criminal matters pending against defendant. We decline to substitute our judgment for that of the Law Division judge with respect to the intent of the parties, especially because the Law Division judge's ruling finds support by what is not in the record. Specifically, the prosecutor did not expressly state on the record that the second agreement was part and parcel of the first agreement. Nor did the prosecutor expressly set as a condition of its plea offer that the State could withdraw from the second agreement if defendant were permitted to withdraw from the first agreement.

It was incumbent on the prosecutor to do one of two things to ensure that the State's authority to withdraw from the second plea agreement was an "explicit term[] of the agreement" within the meaning of Conway, 416 N.J.

Super. at 411. First, the second agreement could have explicitly provided that it was inextricably linked to the first agreement so that defendant's withdrawal from the first agreement would automatically vacate the second plea agreement. Alternatively, the prosecutor could have included as an express term of the second agreement that the State reserved the right to withdraw from the second agreement under specified circumstances, such as if the defendant were to prevail in his appeal of the severance motion and chose to exercise his right to vacate the first agreement.

We reiterate the principle recognized in Conway that the State's authority to vacate a negotiated guilty plea is premised on an explicit term a plea agreement. Ibid. We do not doubt the prosecutor in this case earnestly believed that the two agreements were part of a global resolution of both the Atlantic County and Gloucester County charges. However, it is not our role in these circumstances to read into the agreement terms and conditions that were not expressly agreed to by both parties and ratified by the trial court. Indeed, the case law instructs to the contrary that we should not imply unstated conditions favorable to the State and unfavorable to the defendant. Conway, 416 N.J. Super. at 411.

Accordingly, we affirm the denial of the State's motion to withdraw from the second plea agreement.[8] As noted, we reverse the denial of the State's motion to withdraw from the first plea agreement with respect to the charges in Indictment No. 13-08-2321. See supra note 3. By virtue of defendant's election to withdraw his guilty pleas under the first plea agreement, the charges in Indictment No. 13-08-2321 must be restored. Any other arguments raised by the State that we have not addressed do not warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed in part and reversed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[8] We note, as did the trial court, that significant double jeopardy issues would arise if the second plea agreement were vacated since defendant has already completed the sentences imposed on those convictions. We need not address those constitutional issues given our decision to affirm the denial of the State's motion to vacate the second plea agreement.

A-0851-19T1