# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2515-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRANDON COOPER,

    Defendant-Appellant.

_____

> Submitted October 7, 2020 – Decided November 4, 2020
>
> Before Judges Sumners and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 11-11-2778.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).
>
> Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brandon Cooper appeals the Law Division order denying him post-conviction relief (PCR) without an evidentiary hearing. Having reviewed the record considering the applicable legal standards, we affirm.

I

The underlying trial evidence and procedural history are detailed in our unpublished decision affirming defendant's conviction and sentence on direct appeal, State v. Cooper, Nos. A-2011-12T1, A-2988-12T1, A-3099-12T1 (App. Div. Sep. 4, 2015), certif. denied, 224 N.J. 124 (2016), and in the PCR judge's ten-page written decision. We incorporate both by reference here; thus, a brief summary will suffice.

As a result of an incident at an Atlantic City casino that occurred on the evening of May 27, 2011, and into the early morning hours of the next day, defendant was indicted for two counts of first-degree robbery, N.J.SA. 2C:15-1; second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(a); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a weapon, N.J.S.A. 2C:58-4 and N.J.S.A. 2C:39-5(b); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); and second-degree sexual assault, N.J.S.A. 2C:14-2(c).

On May 7, 2012, after being granted a request to plead defendant's trial case off the trial list as a plea cut-off exception, the parties reached a plea agreement in which defendant pled guilty to first-degree robbery, second-degree conspiracy to commit robbery, and first-degree aggravated sexual assault. In addition to stating, "[t]ruthful testimony," the plea form indicated the State agreed to recommend defendant serve a maximum prison term of twelve years for first-degree armed robbery, six years for second-degree conspiracy to commit robbery, and twelve years for first-degree aggravated sexual assault, all to be served concurrently and subject to an eighty-five percent parole disqualifier pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

During the plea hearing, trial counsel informed the court that the plea agreement required defendant to provide truthful testimony. Defendant provided a factual basis for the plea, stating that he and his two co-defendants, one of whom was armed, participated in the robbery. (Cooper, slip op. at 10). He further testified that he and one of his co-defendants sexually assaulted the victim and that he digitally penetrated her vaginal area. (Ibid.)

Less than two months later, the State moved to withdraw defendant's guilty plea claiming he reneged on his plea agreement obligation to provide truthful testimony against his co-defendants. The State contended that during a

3

pre-trial meeting with defendant to discuss his trial testimony, he gave a completely different version of events than what he stated in his plea colloquy. In particular, he denied his and his co-defendants' involvement in the robbery and sexual assault. In opposition to the State's motion, defendant maintained that, during the meeting, the prosecutor asked him questions he had never been asked before. After hearing the parties' respective arguments, the motion judge entered an order that same day granting the State's request and vacating defendant's plea. In his oral ruling, the judge explained that the material elements and consequences of the plea agreement were disclosed to defendant at the plea colloquy, where he accepted those terms knowingly and voluntarily. Defendant thus went to trial.

Following a four-day jury trial, defendant was found guilty on all counts of the indictment. After merger, he was sentenced on the two first-degree robbery counts to two concurrent seventeen-year prison terms subject to NERA, consecutive to a ten-year prison term subject to NERA for first-degree aggravated sexual assault.

On direct appeal, this court reversed defendant's convictions on first-degree aggravated sexual assault and second-degree sexual assault, remanding the charges for retrial. (Cooper, slip op. at 41). After his petition for

certification was denied, defendant reached a plea agreement with the State wherein he pled guilty to first-degree aggravated sexual assault and was sentenced to a ten-year prison term subject to NERA to run concurrent to his previously-sentenced robbery convictions.[1]

A month later, in June 2017, defendant filed a PCR petition related to the motion judge's order vacating his plea agreement. He argued the order resulted from trial counsel's failure to explain to him that the plea agreement required him to give trial testimony the State would deem truthful against his two co-defendants. This ineffectiveness, defendant explained, prejudiced him when the jury found him guilty and the court sentenced him to a seventeen-year NERA term, significantly more time than the twelve-year NERA term the plea agreement had provided. (Ibid.). Defendant argued his PCR claim was not barred by Rule 3:22-2, because it spoke to the ineffective assistance of counsel, which was not part of the trial court record and, thus, could not have been raised on direct appeal.

The PCR judge denied defendant relief. The judge determined that in this court's rejection of defendant's direct appeal challenge of the withdrawal of his

---

[1] The second-degree aggravated sexual assault charge was dismissed pursuant to the plea agreement.

plea agreement, we specifically determined defendant was fully aware of the plea agreement terms that he provide truthful testimony against his co-defendants. The judge cited our ruling:

> While the trial court did not expressly inform [defendant] of his obligation to provide truthful testimony as part of the plea agreement, [defendant's] counsel placed the condition that [defendant] had agreed to provide "truthful testimony" on the record during the plea hearing. [Defendant's] counsel also acknowledged the agreed-upon condition of truthful testimony on the "Request to Plead Case off the Trial List" form. Moreover, [defendant] himself signed the written plea agreement that contained the condition that he give truthful testimony, and on the page containing the condition, he initialed less than one inch from the condition. While the court may not have explicitly discussed with [defendant] that he had an obligation to provide truthful testimony, the court did ask [defendant] if he went over the plea form with his lawyer, and whether his lawyer answered his questions. [Defendant] answered affirmatively.
>
> [Cooper, slip op. at 16-17.]

The judge further explained that "defendant has offered no certification to bolster his bald assertion that his trial counsel failed to inform him of the contingency aspect of his plea." The judge therefore found defendant was not entitled to an evidentiary hearing because he failed to demonstrate a prima facie case of ineffective assistance of counsel.

A-2515-18T4

In this appeal, defendant contends the initial plea agreement, with the recommendation of an aggregate twelve-year prison term subject to NERA, should be enforced because he complied with its terms as he understood them to be and any failure to do so was the result of his counsel's ineffective assistance. He argues the PCR judge failed to view the facts in the light most favorable to him. State v. Marshall, 148 N.J. 89, 158 (1997) (citing State v. Preciose, 129 N.J. 451, 463 (1992)). He asserts he did not know he would have to testify against his co-defendants and, if counsel had provided effective assistance, the plea agreement would have adequately stated the condition and the plea court would have ensured his understanding. The State, defendant claims, should not have been allowed to withdraw his guilty plea because of due process concerns. State v. Warren, 115 N.J. 433, 445 (1989). Defendant asserts he waived his right to self-incrimination and placed a factual basis on the record.

Defendant further asserts he was prejudiced by counsel's failings when he stood trial because of the vacated plea; the jury found him guilty and following his direct appeal, he eventually received a sentence five years longer than he would have under the plea agreement. In the alternative, citing State v. Preciose, 129 N.J. 462 (1992), defendant seeks an evidentiary hearing to determine

"disputed extra-record facts bearing on counsel's ineffective representation." (Ibid.) We are not persuaded by any of defendant's arguments.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). The mere raising of PCR does not entitle the defendant to an evidentiary hearing, State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), because the court reviewing claims of ineffective assistance has the discretion to grant an evidentiary hearing only if the defendant makes a prima facie showing in support of the requested relief, Preciose, 129 N.J. at 462. An evidentiary hearing need only be conducted if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

The threshold question here is whether defendant's claim is procedurally barred. Under Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . , or any appeal taken from such proceedings." Although the PCR judge did

not specifically cite Rule 3:22-5, his reasoning incorporates the essence of the rule. As the judge pointed out, we rejected defendant's direct appeal argument that the motion judge erred in granting the State's application to withdraw defendant's plea agreement and vacate his guilty plea because he failed to provide truthful testimony concerning his co-defendants' involvement in the robbery and sexual assault crimes.

We conclude there is no merit to defendant's argument that his PCR claim is viable because the facts demonstrating counsel's ineffectiveness are outside the trial court record. As noted, we determined in defendant's direct appeal that the trial record demonstrated counsel informed defendant of his plea agreement obligation to provide truthful testimony, and he advised the plea judge that he understood the plea agreement.[2]  Accordingly, defendant's PCR petition is procedurally barred by Rule 3:22-5.

Putting aside our direct appeal ruling and the impact of Rule 3:22-5, defendant did not produce an affidavit or certification to support his claim that counsel gave ineffective advice in explaining defendant's plea agreement

---

[2]  Relying on an unpublished opinion is permissible under Rule 1:36-3 "to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law." Badiali v. N.J. Mfrs. Ins. Grp., 429 N.J. Super. 121, 126 n.4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015) (quoting R. 1:36-3).

obligations. Given defendant's bald assertion of counsel ineffectiveness, the PCR judge did not abuse his discretion in denying defendant an evidentiary hearing as defendant neither established a prima facie case of ineffective assistance nor presented any disputed facts.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2515-18T4